Luther **BROGDON,** Bennie Bolin and Ronald H. Williams, Trustees for the Bonham Congregation of Jehovah's Witnesses, Appellants,

v.

Wesley **RUDDELL,** Tommy Johnson, Jr., Tony M. Jones and Ralph Deal, Appellees.

No. 9509.

Court of Appeals of Texas, Texarkana.

Aug. 12, 1986.

Rehearing Denied Aug. 26 and Sept. 16, 1986.

Samuel L. Boyd, Timothy M. Fults, Boyd & Fults, Dallas, Leslie R. Long, Brooklyn, N.Y., for appellants.

David Bercot, Henderson, for appellees.

PER CURIAM.

On July 30, 1986, appellees, Wesley Ruddell, et al, filed a motion to dismiss the

appeal in this cause on the ground that appellants had failed to timely file their appeal bond within twenty days after the signing of the temporary injunction which is the subject of this cause, as required by Tex.R.Civ.P. 385.

On July 29, 1986, this Court received from the district clerk of Fannin County a transcript and statement of facts in this cause. On the same date, the appellants were advised by mail from the clerk of this Court that the record had been received out of time and therefore had not been filed in this Court. In response, on August 1, 1986, appellants Luther Brogdon, et al, filed a motion for extension of time within which to receive the transcript and statement of· facts. Appellants' motion noted that it was being filed pursuant to Tex.R. Civ.P. 21c. That rule permits an extension of time in certain circumstances based on a "reasonable explanation" for tardy filing but does not apply to appeals from interlocutory orders such as the temporary injunction in the case at bar. A showing of "good cause" is mandatory for any extension of time to appeal from an interlocutory order. *Guaranty Bank v. Thornhill*, 596 S.W.2d 264 (Tex.Civ.App.—Waco 1980, writ dism'd); *Trial v. McCoy*, 535 S.W.2d 681 (Tex.Civ.App.—El Paso 1976, no writ). The motion for extension of time does not document good cause for an extension of time as requested.

■ On August 4, 1986, appellants filed in this Court a response and opposition to appellees' motion to dismiss the appeal. In that motion, appellants contend that they have timely perfected their interlocutory appeal from the temporary injunction issued by the trial court on March 12, 1986. Appellants note that the cause was removed by them to a federal district court on March 19, 1986, thereby taking jurisdiction from this Court until July 2, 1986, the date on which the federal court remanded the case. Appellants contend that in the interim between the date of removal and the date of remand the normal state jurisdictional timetable within which appellants would have been required to perfect their interlocutory appeal was suspended. We agree. *Medrano v. State of Texas*, 580 F.2d 803 (5th Cir.1978); *Consolidated Underwriters v. McCauley*, 320 S.W.2d 60 (Tex.Civ.App.—Beaumont 1959), *cert. denied*, 361 U.S. 14, 80 S.Ct. 109, 4 L.Ed.2d 52 (1959); 28 U.S.C.A. §§ 1441, 1446 (1973 & Supp.1986). Appellants also contend that, under Tex.R.Civ.P. 385(d) appellants had twenty days after remand within which to file their appeal in this Court. We disagree. Rule 385(d) provides that an appellant in an accelerated appeal shall have twenty days after the judgment or· order is signed within which to file the bond or the notice or affidavit in lieu thereof. Further, the record must be filed in the appellate court within thirty days after the judgment or order is signed. Appellants would interpret the statutes and rules so as to begin the appellate timetable ab initio upon remand, whereas in our view the timetable recommences at the point at which it was suspended by the removal petition filed by appellant. Thus, the appeal bond would be · due when a total of twenty days had elapsed, commencing March 12, 1986, and omitting the period from day of removal to day of remand.

In 50 Tex.Jur.2d *Removal of Causes*, § 40 (1969) it is stated:

Once the case has been effectively removed, all proceedings in the state court while the suit is pending in the federal court are coram non judice and void, even though the case is thereafter remanded by the federal court for want of jurisdiction. In other words, during the time between the filing of a copy of the petition in the state court and the filing of the mandate of the federal court remanding the cause, the jurisdiction of the state court is suspended, and all its action is stayed....

In 50 Tex.Jur.2d *Removal of Causes* § 45 (1969) it is stated:

Immediately upon remand of the cause jurisdiction is revested in the state court, which will then exercise jurisdiction as though no interruption had occurred,....

At the time plaintiff removed this cause to the federal court on March 19, 1986, seven days of the·allowable twenty-day and thirty-day filing periods permitted by Rule 385 for the filing of the appeal bond and the record, respectively, had elapsed. The appellate timetable began to run on March 12, 1986, when the temporary injunction was signed by the trial judge. On July 2, 1986, when the case was remanded to the state court by the federal court, the appellate timetable commenced running again "as though no interruption had occurred," i.e., beginning with the eighth day of the time period. Accordingly, the appeal bond would have been due on July 15, 1986, which was the end of the twenty-day period calculated by adding the seven days between March 12, 1986, and March 19, 1986, to the thirteen days from July 2, 1986 to July 15, 1986. The record would have been due upon thirty elapsed days on the timetable, i.e., July 25, 1986.

The appeal cost bond was actually filed on July 21, 1986, six days beyond the due date of July 15, 1986. It was thus untimely. The time for filing an appeal bond cannot be extended. *Vicki Industries v. Hupp Systems, Inc.,* 521 S.W.2d 733 (Tex. Civ.App.—Waco 1975, no writ); *Pinkston v. Victoria Bank & Trust Co.,* 210 S.W.2d 612 (Tex.Civ.App.—San Antonio 1948, no writ); Tex.R.Civ.P. 385; 31 J. Wicker, *Civil Trial and Appellate Procedure* § 569 (Texas Practice 1985); *see also, Tober v. Turner of Texas, Inc.,* 668 S.W.2d 831 (Tex.App.—Austin 1984, no writ). Without a timely filed appeal bond, the appeal is not perfected.

■ The record in this cause was due on July 25, 1986, taking into account the tolling of the appellate timetable ·during the period March 19, 1986 through July 2, 1986, while the case was removed to federal court. The record was actually received on July 29, 1986. We find that good cause has not been shown to extend the time for filing of the record in this cause, taking into account not only the appellants' motion to extend time for filing, but also appellants' response and opposition to the motion to dismiss appeal.

Appellants cite Tex.R.Civ.P. 237–a in support of their rationale that the timetable on appeal should have commenced anew upon the date of remand to the state court. Their reliance on Rule 237–a, however, is misplaced, because the rule is not applicable to this case. The purpose of Rule 237–a is to protect from default, in a removal situation, those defendants who have not filed an answer. *Reimer v. Scott,* 666 S.W.2d 384 (Tex.App.—Houston [14th Dist.] 1984, writ dism'd); *Brown v. State Farm Mutual Automobile Insurance Co.,* 449 S.W.2d 93 (Tex.Civ.App.—Fort Worth 1969, no writ). The rule provides that such defendants shall have fifteen days from receipt of notice of the order of remand to the state court within which to file an answer to the suit in the state court.

Appellants argue that they "possessed, under well-established legal principles, twenty (20) days *from the date the remand order was entered* within which to appeal the temporary injunction issued by the state court below." (Emphasis added.) We again disagree, because we are aware of no principle which provides that the appellate timetable must be recommenced from the beginning upon the date of remand. Our interpretation of the statutes and surrounding case law imposes no conflict between the federal and state judicial systems in the removal of cases from state to federal courts. Rather, it provides for the required strict interpretation of Rule 385 and reinforces our belief that accelerated appeals under that rule should, in fact, be accelerated.

In summary, we hold that the appellate timetable in this cause commenced on March 12, 1986, when the trial judge signed the order of temporary injunction. The timetable was temporarily suspended on March 19, 1986, when the plaintiff removed the case to a federal district court. The timetable resumed on July 2, 1986, the date of remand by the federal court to the state court. Thus, the due date for the appeal bond would have been July 15, 1986, the

twentieth elapsed day of the appellate timetable. The appeal bond was actually filed on July 21, 1986, and was therefore untimely. The due date for the record in this case would have been July 25, 1986, the thirtieth day in the appellate timetable. The record was actually received on July 29, 1986, and was therefore also untimely.

We find that the appeal has not been perfected by the timely filing of an appeal bond, nor has good cause been shown to extend the time for filing the record. Accordingly, appellees' motion to dismiss the appeal is granted and appellants' motion for extension of time within which to receive transcript and statement of facts is denied.

This accelerated appeal is dismissed.