**H. Thomas WILLARD, D.O., Relator,**

**v.**

**The Honorable Fred DAVIS, Judge, 17th Judicial District Court, Tarrant County, Texas, Respondent.**

No. 2–94–131–CV.

Court of Appeals of Texas, Fort Worth.

Aug. 3, 1994.

---

R. Michael Beene, Charles S. Nichols, Joseph M. Gregory, Schell, Beene & Vaughan, L.L.P., Dallas, for relator.

Darrell L. Keith, Sue S. Walker, Law Firm of Darrell Keith, P.C., Fort Worth, for real parties-in-interest.

Before FARRIS, LATTIMORE and FARRAR, JJ.

## OPINION

FARRAR, Justice.

Relator, H. Thomas Willard, D.O., seeks a writ of mandamus ordering the Honorable Fred Davis to rescind his order of June 9, 1994 and to stay all proceedings of the underlying lawsuit for six months in accordance

with the Property and Casualty Insurance Guaranty Act. TEX.INS.CODE ANN. art. 21.28–C, § 17 (Vernon Supp.1994).

We conditionally grant relator's petition for writ of mandamus.

This is a medical malpractice cause of action in which relator is one of several defendant health care providers. The parties were conducting discovery when relator's liability insurer, Professional Medical Insurance Company (ProMed), was adjudged insolvent and placed in receivership by a Missouri court on April 7, 1994. On April 15, 1994, the State of Texas Insurance Commissioner designated ProMed as an "impaired insurer" under article 21.28–C, section 5 of the Texas Insurance Code.[1] The Texas Property Guaranty Association undertook to discharge ProMed's policy obligations.

On May 23, 1994, relator filed a motion to take notice of stay, asking the trial court to stay the suit for six months as required by section 17 of article 21.28–C of the Texas Insurance Code. TEX.INS.CODE ANN. art. 21.-28–C, § 17 (Vernon Supp.1994).

In their response to relator's motion, the real parties-in-interest alleged the statute is unconstitutional, claiming section 17 violates the "open courts" provision of the Texas constitution and impermissibly restricts the plaintiffs' common-law causes of action against relator and the other defendants and deprives them of a jury trial. TEX. CONST. art. I, §§ 13, 15. The real parties-in-interest further asserted section 17 violates their right to equal process of the law and creates special privileges and immunities, each in violation of the federal and Texas constitutions, and is arbitrary and discriminatory, favoring the impaired insurer and its insured. U.S. CONST. amend. XIV; TEX. CONST. art. I, § 19. Finally, the real parties-in-interest contended section 17 violates the separation of powers doctrine of the federal and Texas constitutions and violates the rulemaking authority of the Texas Supreme Court under the Texas Constitution. TEX. CONST. art. II, § 1.

On May 24, 1994, the trial court held a hearing on the motion to take notice of stay. At the hearing, relator testified that his insurer, ProMed, had defended him in the instant case up until the time he received a letter disclosing it had been declared insolvent. Relator tendered into evidence a copy of the insurance contract and certified copies of the Order of Liquidation and the Order of Impairment from the Texas Department of Insurance, dated May 5, 1994, declaring ProMed to be impaired. The real parties-in-interest produced no evidence to show why relator is not entitled to the stay and offered no authority in support of their position that section 17 is unconstitutional. However, the trial court found section 17 was unconstitutional and refused to stay the suit.

In his petition relator asks this court to order the trial court to rescind its order and to stay the suit for six months in accordance with the Property and Casualty Insurance Guaranty Act. TEX.INS.CODE ANN. art. 21.28–C, § 17 (Vernon Supp.1994). Relator asserts the trial court abused its discretion in declaring section 17 unconstitutional and in doing so without stating why the statute is unconstitutional. Relator argues the purpose of the Act is to provide a means of payment of covered claims and to avoid financial loss to claimants because of an insurer's insolvency. *See* TEX.INS.CODE ANN. art. 21.28–C, § 2 (Vernon Supp.1994). Relator further contends the purpose of the stay is to ensure the Guaranty Association provides a proper defense for all pending causes of action against an impaired insurer. *See* TEX.INS.CODE ANN. art. 21.28–C, § 17 (Vernon Supp.1994). Further, relator asserts section 17 mandates an "automatic" six month stay and is nothing more than a procedural delay, much like the bankruptcy automatic stay. Relator further claim respondent is without jurisdiction to take any other action, including allowing discovery to proceed. Finally, relator argues he is entitled to mandamus relief because he has no adequate remedy at law.

---

1. An "impaired insurer" is "a member insurer that is placed in temporary or permanent receivership under an order of a court of competent jurisdiction, including the courts of any other state, based upon a finding of insolvency and that has been designated as impaired by the commissioner." TEX.INS.CODE ANN. art. 21.28–C, § 5(9)(A) (Vernon Supp.1994).

The real parties-in-interest assert in their response the trial court did not abuse its discretion in failing to recognize the stay and in ruling that the statute is unconstitutional, and the relator has an adequate remedy at law. In addition, the real parties-in-interest claim relator and the guaranty fund are not impaired by the denial of the stay, and the trial court's ruling is not "void ab initio." Real parties-in-interest now attempt to characterize their challenge and the trial court's order as finding the statute unconstitutional "as applied." We disagree with this characterization. The real parties' motion and argument to the court was that section 17 was unconstitutional, and we construe the trial court's order to declare section 17 unconstitutional on its face.

On June 16, 1994, this court granted an emergency stay on all discovery proceedings and ordered the relator and real parties-in-interest to brief the following two issues:

a) Was the attorney general served with the pleading challenging the constitutionality of section 17 of article 21.28–C, and if not, was such service required?

b) If such service was required, did the trial court have jurisdiction to rule on the statute's constitutionality?

See TEX.CIV.PRAC. & REM.CODE ANN. § 37.-006(b) (Vernon 1986).

■ The real parties-in-interest challenge our authority to make this request, asserting that by ordering briefing on this point, we employed an incorrect standard of review and imposed on them the burden to disprove relator's right to mandamus relief. See Walker v. Packer, 827 S.W.2d 833, 837 (Tex.1992) (orig. proceeding) (relator has the burden of providing a sufficient record to establish his right to mandamus relief). We disagree with the real parties' contention. Each court of appeals may, on affidavit or otherwise, as the court may determine, ascertain matters of fact that are necessary to the proper exercise of its jurisdiction. TEX. GOV'T.CODE ANN. § 22.220 (Vernon 1988). Where this court's jurisdiction is unclear, we may require further facts and briefing. See Jones v. Griege, 803 S.W.2d 486, 488 (Tex. App.—Dallas 1991, no writ). Jurisdiction over indispensable parties to a suit is essential to the court's right to proceed to judgment. Eddowes v. Oswald, 621 S.W.2d 843, 846 (Tex.App.—Fort Worth 1981, no writ). If the trial court proceeds to judgment without an indispensable party, it commits fundamental error. Id. Similarly, if jurisdiction had not been invoked in the trial court, this court would err if we were to address the merits of relator's case. If the attorney general were an indispensable party to the lawsuit and had not been served, we would have no jurisdiction to address the merits of relator's contention. The parties' briefs address this issue and nothing more.

■ We conclude service on the attorney general was not required. The real parties did not plead under the Declaratory Judgments Act, TEX.CIV.PRAC. & REM.CODE ANN. § 37.001 (Vernon 1986), seeking a determination of their rights under the Property and Casualty Insurance Guaranty Act. See TEX. INS.CODE ANN. art. 21.28–C, § 17 (Vernon Supp.1994). Real parties' original petition raised a claim for medical malpractice. It was in their response to relator's motion that the constitutional issues were raised. Under these facts, notice to the attorney general was not required. See Alexander Ranch v. Central Appraisal Dist., 733 S.W.2d 303, 305 (Tex.App.—Eastland 1987, writ ref'd n.r.e.), cert. denied, 486 U.S. 1026, 108 S.Ct. 2005, 100 L.Ed.2d 236 (1988). Accordingly, both the trial court and this court have jurisdiction to consider the issue, and we address the merits of relator's petition.

■ Construction of a statute is a question of law for the court to decide. Johnson v. City of Fort Worth, 774 S.W.2d 653, 656 (Tex.1989). We begin any statutory analysis by reviewing the statute. Cail v. Service Motors, Inc., 660 S.W.2d 814, 815 (Tex.1983). If the statute is clear and unambiguous, we must seek the intent of the legislature as found in the plain and common meaning of the words and terms used. Moreno v. Sterling Drug, Inc., 787 S.W.2d 348, 352 (Tex. 1990). We look to the entire statute in determining the legislature's intent about a specific provision and we presume the statute is effective and constitutional. TEX.GOV'T. CODE ANN. § 311.021 (Vernon 1988); Trinity

*Universal Ins. Co. v. Fidelity & Cas. Co.*, 837 S.W.2d 202, 204 (Tex.App.—Dallas 1992, no writ). It is to be presumed that the legislature has not acted unreasonably or arbitrarily, and where reasonable minds could differ, a mere difference of opinion is not a sufficient basis for striking down legislation as arbitrary or unreasonable. *Sax v. Votteler*, 648 S.W.2d 661, 664 (Tex.1983).

Section 17 of article 21.28–C of the Texas Insurance Code, provides:

> *All proceedings* in which an impaired insurer is a party *or is obligated to defend a party* in any court in this state . . . *shall* be stayed for six months and any additional time thereafter as may be determined by the court from the date of the designation of impairment or an ancillary proceeding is instituted in the state, whichever is later, *to permit proper defense by the receiver* or the association of all pending causes of action. . . . The receiver or statutory successor of an impaired insurer covered by this Act *shall permit access by the board* or its authorized representative *to records of the impaired insurer as are necessary for the board in carrying out its functions under this Act* with regard to covered claims.

TEX.INS.CODE ANN. art. 21.28–C, § 17 (Vernon Supp.1994) (emphasis added). A citizen bringing a common-law cause of action may not be unreasonably denied access to the courts. TEX. CONST. art. I, § 13; *Sax*, 648 S.W.2d at 664. A statute that unreasonably limits a justiciable right to obtain redress for injuries caused by another's wrongful act amounts to a denial of due process. *Sax*, 648 S.W.2d at 665. We must consider the general purpose of the statute and the extent to which the litigant's right to redress is affected. *Id.* at 666.

■ Section 17 was enacted to provide time for the receiver to prepare a proper defense in the pending cause of action and for the board to access records of the impaired insurer. The statute does not take away an aggrieved party's cause of action; it merely stays the lawsuit for six months or for additional time determined by the court. The stay is a reasonable means of permitting the transition in responsibility for the in-sured's defense from his impaired insurer to the guaranty association. It allows reasonable time during which the association can obtain the records of the impaired insurer and prepare to defend the claim. Section 17 merely provides a procedural delay and, like a bankruptcy stay, does not affect the creditor's substantive rights in any way. *See In re Purdy*, 16 B.R. 860, 868 (Bankr.N.D.Ga. 1981). A section 17 stay may be even less intrusive because its duration is fixed whereas a bankruptcy stay is indefinite. Under the automatic stay of the bankruptcy code, a trial court is required to take notice that the bankrupt debtor cannot be prosecuted. *Tracy v. Annie's Attic, Inc.*, 840 S.W.2d 527, 542 (Tex.App.—Tyler 1992, writ denied). We find the provisions of section 17 to be unambiguous and expressly require the granting of a six months' stay if the movant has established by competent evidence his entitlement to the stay. The trial court has no discretion; it must grant the stay. We conclude relator met his burden to show he had complied with the requirements of the statute and was entitled to the mandatory stay.

As challengers to the constitutionality of the statute, real parties-in-interest had the burden of proof and were required to overcome the presumption of validity of the statute. However, real parties-in-interest failed to present any authority or evidence to overcome the presumption of validity. Real parties-in-interest have failed to show how a stay of six months unreasonably limits their ability to seek redress for their claim. They have not shown how section 17 deprives them of a jury trial, or how it violates equal protection or creates special privileges and immunities favoring the impaired insurer and its insured. Moreover, real parties-in-interest have produced no authority to support their contention that section 17 violates the separation of powers doctrine and impermissibly intrudes on the supreme court's rulemaking authority. In light of all the above, it is not surprising that the trial court failed to articulate the constitutional provision it found to be violated when it ruled section 17 was unconstitutional. Moreover, real parties-in-interest have presented no authority to this court in support of their numerous contentions.

912

■ In deciding whether a writ of mandamus is appropriate, mandamus will issue only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law. *Walker,* 827 S.W.2d at 839. A trial court clearly abuses its discretion when it reaches a decision so arbitrary and unreasonable to amount to a clear and prejudicial error of law. *Id.* at 839. Furthermore, a trial court has no discretion in determining what the law is or in applying the law to the facts. *Id.* at 840. Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion and may result in mandamus. *Id.* In the instant case, the trial court abused its discretion and clearly acted without reference to any guiding rules or principles when it ruled section 17 unconstitutional. Mandamus is intended to be an extraordinary remedy and a writ should issue only if relator has no adequate remedy by appeal. *Id.* at 840. If relator is deprived of the statutory stay and discovery is allowed to proceed without providing the guaranty association the opportunity to organize a defense, relator will likely be irreparably harmed.

We hold all proceedings are stayed for six months beginning May 5, 1994 as mandated by section 17 of the Property and Casualty Insurance Guaranty Act. Tex.Ins.Code Ann. art. 21.28–C, § 17 (Vernon Supp.1994). The petition for the writ of mandamus is conditionally granted. We are certain Judge Davis will comply with this opinion. In the event he fails to do so, a writ of mandamus will issue.