Teresa **BURRHUS**, Individually and As Parent of and Next Friend of Christiana Burrhus and as Personal Representative of the Estate of Terralle A. Burrhus, Appellants,

v.

**M & S MACHINE & SUPPLY COMPANY, INC., Appellee.**

No. 04–94–00196–CV.

Court of Appeals of Texas, San Antonio.

March 15, 1995.

Gerald T. Drought and Vincent A. Notzon, Martin, Drought & Torres, Inc., San Antonio, for appellants.

Frank E. Perez, Royston, Rayzor, Vickery & Williams, Brownsville, Will W. Pierson, Myra K. Morris, Royston, Rayzor, Vickery & Williams, Corpus Christi, Jan Ferguson, the Texas Property & Cas. Ins. Guar., Austin, and Kelley G. Loud, Ross, Banks, May, Cron & Cavin, Houston, for appellee.

Before CHAPA, C.J., and LOPEZ and GREEN, JJ.

## PRE–SUBMISSION OPINION

LOPEZ, Justice.

On June 20, 1994, we abated this appeal after receiving notification that Employers Casualty Company, the insurer for M & S Machine & Supply Company, Inc., had been designated an impaired insurer by the Commissioner of Insurance. Once an insurer has been so designated, an automatic stay of all judicial proceedings is in force. TEX.INS. CODE ANN. art. 21.28–C, sec. 17 (Vernon Supp.1994).

■ Appellants filed their cash deposit in lieu of appeal bond to perfect this appeal during the pendency of the automatic stay imposed by the Texas Insurance Code. A timely motion for new trial was filed before the stay. Normally, the cash deposit or appeal bond would be due within ninety days of the signing of the judgment. *See* TEX. R.APP.P. 41(a)(1). However, the automatic stay, imposed on January 18, 1994, and before the cash deposit was filed, prevented appellants from perfecting their appeal.

All proceedings in which an impaired insurer is a party or is obligated to defend a party in any court in this state, except proceedings directly related to the receivership or instituted by the receiver, shall be stayed for six months and any additional time thereafter as may be determined by the court from the date of the designation of impairment or an ancillary proceeding is instituted in the state, whichever is later, to permit proper defense by the receiver or the association of all pending causes of action.

TEX.INS.CODE ANN. art. 21.28–C, sec. 17 (Vernon Supp.1994). No Texas cases have directly decided the issue of whether an appeal can be perfected during an insurance code automatic stay. A stay under section 17 is analogous to a bankruptcy stay, *Willard v. Davis,* 881 S.W.2d 907, 911 (Tex.App.—Fort Worth 1994, orig. proceeding); *compare* TEX.INS. CODE ANN. art. 21.28–C, sec. 17 (Vernon Supp.1994) (automatic stay of judicial proceedings on designation as impaired insurer) *with* 11 U.S.C.A. § 362(a)(1) (West 1993) (automatic stay of judicial proceedings against debtor on filing bankruptcy petition), and so we turn to cases reviewing the bankruptcy stay to guide us in part.

■ The purpose of the automatic bankruptcy stay, which prohibits the beginning or continuing of any judicial actions or proceedings against the debtor, is to offer the bankrupt a period of respite so that he will have

an opportunity to make appropriate plans for reorganization. *See* 11 U.S.C.A. § 362(a)(1) (West 1993); *In re 160 Bleecker Street Assoc.,* 156 B.R. 405, 411 (S.D.N.Y.1993). All actions taken while the bankruptcy stay is in effect are void. *See In re Bleecker Street Assoc.,* 156 B.R. at 411; *Nautical Landings Marina, Inc. v. First Nat'l Bank in Port Lavaca,* 791 S.W.2d 293, 296 (Tex.App.—Corpus Christi 1990, writ denied); *Star–Tel, Inc. v. Nacogdoches Tele., Inc.,* 755 S.W.2d 146, 150 (Tex.App.—Houston [1st Dist.] 1988, no writ); *Southern County Mut. Ins. Co. v. Powell,* 736 S.W.2d 745, 748 (Tex.App.—Houston [14th Dist.] 1987, orig. proceeding); *Wallen v. State,* 667 S.W.2d 621, 623 (Tex. App.—Austin 1984, no writ). The automatic stay applies to the prosecution of an appeal. *Tracy v. Annie's Attic, Inc.,* 840 S.W.2d 527, 542 (Tex.App.—Tyler 1992, writ denied). An appeal cannot be perfected during the pendency of the bankruptcy stay. *Id.* In order to give full effect to the automatic stay of the bankruptcy code, an appeal bond filed during the stay is void, and if no subsequent bond is filed after the stay is lifted, the appellate court will not obtain jurisdiction. *Nautical Landings,* 791 S.W.2d at 296. The lifting of the stay does not validate the previously filed appeal bond. *Id.; see Goswami v. Metropolitan Sav. & Loan Assoc.,* 751 S.W.2d 487, 490 (Tex.1988).

A similar situation involves a case once it has been removed to federal court. Upon notice of removal, all state proceedings are stayed until the federal court remands the case to the state court. *See Brogdon v. Ruddell,* 717 S.W.2d 675, 676 (Tex.App.—Texarkana 1986, writ ref'd n.r.e.). Any actions taken during the removal are void. *Id.*

■ The Texas Insurance Code mandates an automatic stay. The purpose of section 17 is to give the receiver time to take over the case and prepare a proper defense in the pending lawsuit, TEX.INS.CODE ANN. art. 21.28–C, sec. 17 (Vernon Supp.1994); *Willard,* 881 S.W.2d at 911, much like the bankruptcy stay offers the receiver time to assess the bankrupt's estate and legal posi-

tion. The insurance stay is the method by which the responsibility for the insured's defense is shifted from the impaired insurer to the guaranty association. *Id.* In order to give effect to this mandatory stay provision, we hold that all actions relating to judicial proceedings taken while the stay is in effect are void. The prosecution of an appeal is a judicial proceeding. *Tracy,* 840 S.W.2d at 542. Thus, the cash deposit in lieu of an appeal bond filed during the existence of the stay is void, and appellants' original cash deposit did not perfect their appeal.

■ We note that the initial appellate timetables are not tolled during a bankruptcy stay. *See Raley v. Lile,* 861 S.W.2d 102, 105 (Tex.App.—Waco 1993, writ denied). Section 108(c) of the bankruptcy code provides for a thirty day extension of any deadline that expired during the stay. 11 U.S.C.A. § 108(c) (West 1993). After that, the remaining appellate deadlines run as normal from the new commencement date. *Roadside Stations, Inc. v. 7HBF, Ltd.,* No. 02–94–00012–CV, slip op. 3, 4, 1994 WL 120295 (Tex.App.—Fort Worth, April 12, 1994, n.w.h.). The Texas Insurance Code contains no such provision giving a party a set deadline in the case when the regular deadlines expired during the insurance stay. In the absence of tolling the appellate deadlines during the stay, an appellant would be deprived of appellate review of the merits of the case through no fault of his own. *See Tracy,* 840 S.W.2d at 542. It would be an impossibility for the appellant to perfect his appeal. Such is the same situation in cases removed to the federal court. In that case, the appellate timetable is tolled until the case is remanded to state court. *Brogdon,* 717 S.W.2d at 676–77. We hold that the appellate deadlines are tolled during the period of the automatic stay. The time limits are calculated by counting the days from the signing of the judgment to, but not including, the date the stay was issued, and the days from the date the stay terminated. *See id.* at 677.

In this case, the judgment was signed December 14, 1993. A timely motion for new

trial, filed prior to the entry of the stay, extended the appellate timetables. *See* TEX. R.CIV.P. 329b; TEX.R.APP.P. 41(a)(1); 54(a). The stay was effective January 18, 1994, and ended September 28, 1994. The cash deposit in lieu of a cost bond, normally due within 90 days of the signing of the judgment, is due November 23, 1994—a total of 90 days from the signing of the judgment excluding the period of the automatic stay. Appellant filed a new cash deposit in lieu of a cost bond on November 23, 1994. The deposit was timely; the appeal is perfected. The transcript, received by this court on April 11, 1994, is timely. The statement of facts is due to be filed within 120 days of the signing of the judgment, TEX.R.APP.P. 54(a), excluding the time during the stay. Thus, the statement of facts is due to be filed in this court no later than December 23, 1994, and a motion for extension of time is due within 15 days of that date: January 9, 1995. *See* TEX. R.APP.P. 54(c).

Appellant's motion to reinstate the appeal is GRANTED. The appeal is ORDERED reinstated on the docket of this court.