**Sherri GOULD, Individually and as Next Friend of Christina Gould and Jason Gould and as Representative of the Estate of Richard W. Gould, II; Diana J. Dornak; Richard W. Gould, Sr.; Carol Pavini, Individually and as Independent Executrix of the Estate of James A. Pavini; David J. Pavini; Kristy M. Pavini; Galdo Pavini; and Madeline Patricia Pavini, Appellants,**

v.

**SEA LINK HELICOPTERS, INC., Anthony A. Loague, and American Eurocopter Corporation, Appellees.**

**American Eurocopter Corporation, Appellant,**

v.

**Sherri Gould, Individually and as Next Friend of Christina Gould and Jason Gould and as Representative of the Estate of Richard W. Gould, II; Diana J. Dornak; Richard W. Gould, Sr.; Carol Pavini, Individually and as Independent Executrix of the Estate of James A. Pavini;. David J. Pavini; Kristy M. Pavini; Galdo Pavini; and Madeline Patricia Pavini, Appellees.**

No. 01–97–01432–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

March 24, 1998.

**30**

John R. Howie, David R. Weiner, Dallas, Michael D. Sydow, Lori M. Gallagher, Houston, for Appellants.

Michael V. Powell, Dallas, Bill Robinson, Long Beach, CA, Martin E. Rose, Dallas, for Appellees.

Before COHEN, O'CONNOR and ANDELL, JJ.

## ORDER

PER CURIAM.

The Court today considered the following matters:

(1) The motion to abate of Sea Link Helicopters, Inc. and Anthony A. Loague (collectively referred to as "Sea Link");

(2) Sea Link's motion to extend time to file notice of appeal; and

(3) Sea Link's objection to referring the appeal to mediation.

This is an appeal from a judgment signed on November 10, 1997, following a jury trial, awarding damages in favor of the Gould plaintiffs[1] and the Pavini plaintiffs[2] and against Sea Link Helicopters, Inc. and American Eurocopter Corporation.

No party filed a motion for new trial or other motion that would extend the time for filing notice of appeal in response to the November 10, 1997 judgment. Accordingly, a party wishing to complain about the judgment was required to file a notice of appeal on or before December 10, 1997. TEX.R.APP. P. 25.1, 26.1. However, the appellate court may extend the time to file the notice of appeal if, within 15 days after the deadline for filing the notice of appeal, the party files the notice of appeal in the trial court and files a motion for extension in the appellate court. TEX.R.APP. P. 26.3.

American Eurocopter Corporation, the Gould plaintiffs, Diana Dornak, Richard W. Gould, Sr., the Pavini plaintiffs, Galdo Pavini, and Madeline Patricia Pavini have filed timely notices of appeal that comply with the requirements of TEX.R.APP. P. 25.1(d). Sea Link has not filed a notice of appeal.

The record was due in this Court on January 9, 1998. TEX.R.APP. P. 35.1. The record has been received and filed. TEX.R.APP. P. 35.3(c).

On December 22, 1997, the American Eagle Insurance Company (American Eagle) was designated an "impaired insurer" by the Texas Commissioner of Insurance. Article 21.28–C, section 17 of the Texas Insurance Code (Vernon Supp.1998) requires all proceedings in which an impaired insurer is a party or is obligated to defend a party in any court in this state to be stayed for six months and any additional time thereafter as may be determined by the court from the date of the designation of impairment to permit proper defense by the receiver or the association of all pending causes of action. Section 17 expressly provides that "[a] deadline imposed under the Texas Rules of Civil Procedure or the Texas Rules of Appellate Procedure is

---

1. "Gould plaintiffs" refers to Sherri Gould, individually and as next friend of Christina Gould and Jason Gould and as representative of the estate of Richard W. Gould. Additional plaintiffs at trial were Diana J. Dornak and Richard Gould, Sr. These last two parties are included in the notice of appeal, but did not recover a judgment.

2. "Pavini plaintiffs" refers to Carol Pavini, individually and as independent executrix of the Estate of James A. Pavini, David J. Pavini, and Kristy M. Pavini. Additional plaintiffs at trial were Galdo Pavini and Madeline Patricia Pavini. These last two parties are included in the notice of appeal, but did not recover a judgment.

tolled during the stay." Sea Link advises this Court that it and Anthony A. Loague are insured by American Eagle.

Sea Link moves this Court to extend time to file notice of its appeal based on article 21.28–C, section 17. Although the date of "designation of impairment" (December 22, 1997) occurred after December 10, 1997, the deadline for filing notice of appeal, it occurred during the 15–day grace period. Without the imposition of the automatic stay under article 21.8–C, section 17, Sea Link still could have perfected its appeal on or before December 29, 1997.[3] Once the automatic stay is lifted, Sea Link will have three days[4] in which to file its notice of appeal and motion for extension of time under TEX. R.APP. P. 26.3.

However, by way of analogy, this Court notes that under TEX.R.APP. P. 8.2, a document filed by a party while a proceeding is suspended because of the automatic stay under the federal bankruptcy laws, is deemed filed on the same day, but after, the court of appeals reinstates or severs the appeal and is not considered ineffective because it was filed while the proceeding was suspended. Similarly, should Sea Link desire to file its notice of appeal now, this Court would consider it to be filed on the date the automatic stay under article 21.28–C, section 17 is lifted.

The Court orders as follows:

(1) The appeal is ordered **stayed** until June 22, 1998 or until further order of the receivership court.

(2) Sea Link shall notify this Court immediately when the stay under article 21.28–C, section 17 is lifted.

(3) If Sea Link wishes to appeal the judgment of the trial court, it must comply with TEX.R.APP. P. 26.3 within three days after the stay under article 21.28–C, section 17 is lifted. However, if Sea Link wishes to file its notice of appeal before the stay is lifted, this Court will consider it filed on the date the stay is lifted.

(4) This Court's order of February 12, 1998 referring the cause to mediation is **withdrawn,** without prejudice to referring the cause to mediation again when the stay is lifted.

(5) To the extent the relief requested in motions pending before this Court in this appeal is not granted by this order, it is **denied.**

It is so **ORDERED.**

---

**3.** December 25, 26, 27, and 28, 1997 were state holidays, Saturdays, or Sundays.

**4.** Based on the three days between December 22 (the date of designation of impairment) and December 25 (the last actual date of the extension period).