**BUILDERS TRANSPORT, INC., Appellant,**

v.

**Loretta Yvette GRICE–SMITH, Individually, and as The Representative of the Estate of Roy Cell Smith, Jr., Deceased, et al., Appellee.**

No. 10–01–130–CV.

Court of Appeals of Texas, Waco.

Nov. 28, 2001.

Stephen G. Tipps, Amy Douthitt Maddux, Baker Botts, L.L.P., Houston, for appellee.

Anthony P. Griffin, Attorney At Law, Galveston, Joseph M. Nixon, Phillips & Akers, Houston, Wintford E. "Rusty" Verkin II, Attorney At Law, Sugarland, for appellee.

Before Chief Justice DAVIS Justice VANCE and Justice GRAY.

## ORDER STAYING APPEAL

PER CURIAM.

Loretta Yvette Grice–Smith filed a wrongful death and survival action against Builders Transport, Inc. ("BTI") and John Alfred Landry. A jury returned a verdict in her favor, and BTI appealed. BTI has

filed a motion asking that this Court stay further proceedings under the provisions of the Texas Property and Casualty Insurance Guaranty Act because its insurer has been designated "impaired" by the Texas Commissioner of Insurance.

The Texas Property and Casualty Insurance Guaranty Act requires a stay of proceedings whenever an insurance company which is a party to the proceedings or obligated to defend a party to the proceedings has been determined to be "impaired." *See* TEX. INS.CODE ANN. art. 21.28–C, § 17 (Vernon Supp.2001); *Gould v. Sea Link Helicopters, Inc.,* 982 S.W.2d 29, 30 (Tex.App.—Houston [1st Dist.] 1998, order, no pet.); *Burrhus v. M & S Mach. & Supply Co.,* 897 S.W.2d 871, 872 (Tex. App.—San Antonio 1995, order), *disp. on merits,* 933 S.W.2d 635 (Tex.App.—San Antonio 1996, writ denied). Section 17 provides in pertinent part:

> Sec. 17. All proceedings in which an impaired insurer is a party or is obligated to defend a party in any court in this state, except proceedings directly related to the receivership or instituted by the receiver, shall be stayed for six months and any additional time thereafter as may be determined by the court from the date of the designation of impairment or an ancillary proceeding is instituted in the state, whichever is later, to permit proper defense by the receiver or the association of all pending causes of action. A deadline imposed under the Texas Rules of Civil Procedure or the Texas Rules of Appellate Procedure is tolled during the stay.

TEX. INS.CODE ANN. art. 21.28–C, § 17.

The trial court signed the judgment on February 23, 2001. BTI timely perfected its appeal. The clerk's record was filed on April 26. BTI filed an "Unopposed Motion to Stay Appeal" on July 3. In support of the motion to stay, BTI advised that its insurer Reliance Insurance Company had been "placed into rehabilitation by order of the Commonwealth Court of Pennsylvania upon petition of the Insurance Commissioner of the Commonwealth of Pennsylvania." The May 29 order of the Pennsylvania court required that all court proceedings involving Reliance or an insured of Reliance (in Pennsylvania or elsewhere) be stayed for 60 days. We granted the motion and stayed the appeal.

The reporter's record was tendered on October 25. However, BTI filed a motion on October 30 asking that we take notice of an October 3 order issued by the Pennsylvania court declaring Reliance to be insolvent and a corresponding October 5 order issued by the Texas Commissioner of Insurance designating Reliance as an "impaired insurer." *See* TEX. INS.CODE ANN. art. 21.28–C, § 5(9)(A) (Vernon Supp. 2001).

■ Section 17 mandates a 6–month stay from the date of the Commissioner's impairment designation.[1] This stay tolls any deadlines imposed by the appellate rules. *See* TEX. INS.CODE ANN. art. 21.28–C, § 17. Any actions taken while the stay is in effect are void. *See Burrhus,* 897 S.W.2d at 872–73 (citing *Nautical Landings Marina, Inc. v. First Nat'l Bank,* 791 S.W.2d 293, 296 (Tex.App.—Corpus Christi 1990, writ denied); *Brogdon v. Ruddell,* 717 S.W.2d 675, 676 (Tex.App.—Texarkana 1986, writ ref'd n.r.e.)).[2]

---

**1.** Section 17 permits the stay to continue for "any additional time thereafter as may be determined by the court." TEX. INS.CODE ANN. art. 21.28–C, § 17. BTI does not request that the stay be extended for any additional time.

**2.** The San Antonio Court analogized the stay required by section 17 to that required when bankruptcy proceedings are instituted or when a case is removed to federal court. *See Burrhus v. M & S Mach. & Supply Co.,* 897

The automatic stay mandated by section 17 commenced in this case following the Commissioner's October 5 designation of impairment and will continue until April 5, 2002. *Id.* Although we have received the reporter's record in this cause, we will not deem it to have been filed until April 5, 2002, the date on which the stay will be lifted and this cause reinstated. *See Gould,* 982 S.W.2d at 31. Unless the stay is extended, BTI's brief will be due on Monday, May 6, 2002. *See* TEX.R.APP. P. 38.6(a).

IT IS SO ORDERED.

Justice GRAY dissenting.

TOM GRAY, Justice, dissenting to Order.

The majority's order staying the appeal and setting forth a briefing schedule is void. I know this because the majority's order says so. Order at page 3 ("Any actions taken while the stay is in effect are void."). We have no jurisdiction to act on Builders Transport, Inc.'s motion to stay the appeal. At most, we should merely acknowledge the "automatic" stay of the Texas Insurance Code as follows:

## NOTICE

We have received notice that Builders Transport, Inc.'s insurer was designated impaired by the Texas Commissioner of Insurance on October 5, 2001. Accordingly, this appeal is stayed pursuant to the Texas Insurance Code 21.28C § 17.

S.W.2d 871, 872–73 (Tex.App.—San Antonio 1995, order), *disp. on merits,* 933 S.W.2d 635 (Tex.App.—San Antonio 1996, writ denied); *accord Gould v. Sea Link Helicopters, Inc.,* 982 S.W.2d 29, 31 (Tex.App.—Houston [1st Dist.] 1998, order, no pet.); *Willard v. Davis,* 881 S.W.2d 907, 911 (Tex.App.—Fort Worth 1994,

Because the majority does not, I respectfully note my dissent.

orig. proceeding). Thus, the court looked to bankruptcy and removal cases to discern the efficacy of pleadings filed when a section 17 stay is in effect. *See Burrhus,* 897 S.W.2d at 872–73; *accord Gould,* 982 S.W.2d at 31; *Willard,* 881 S.W.2d at 911.