**INTERNATIONAL ELEVATOR COMPANY, INC.,**
Appellant,

v.

**Samuel GARCIA, Sr. and Maria Garcia, Appellees.**

**No. 01–01–00689–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

March 14, 2002.

Kenneth J. Bower, Galveston, Andrew T. McKinney, IV, Dean G. Pappas, Houston, for Appellant.

W. Mark Lanier, Kevin P. Parker, Houston, for Appellee.

Panel consists of Chief Justice SCHNEIDER, and Justices TAFT and RADACK.

### ORDER

PER CURIAM.

This is an appeal from an order overruling the special appearance of appellant, International Elevator Company, Inc. (International Elevator). This case was set

---

for submission and oral argument on February 11, 2002. On January 24, 2002, we issued an order canceling submission and oral argument, ordered appellees, Samuel Garcia Sr. and Maria Garcia, to file a response to our order, and allowed appellant to file a response, if necessary.

Reliance Insurance Company (Reliance), had intervened in this case as a subrogated workers' compensation insurer. The trial court ordered a stay until April 5, 2002, because the Texas Commissioner of Insurance declared Reliance an "impaired insurer" under article 21.28 of the Texas Insurance Code. *See* TEX. INS.CODE ANN. art. 21.28–C, § 17 (Vernon Supp.2002). Appellees did not oppose the stay requested by appellant.

The Property and Casualty Insurance Guaranty Act requires a stay of proceedings whenever an insurance company that is a party to the proceedings or obligated to defend a party to the proceedings has been determined to be impaired. *See* TEX. INS.CODE ANN. art. 21.28–C, § 17 (Vernon Supp.2002); *Gould v. Sea Link Helicopters, Inc.*, 982 S.W.2d 29, 30 (Tex.App.— Houston [1st Dist.] 1998, order). Section 17 of article 21.28–C provides in pertinent part:

> All proceedings in which an impaired insurer is a party or is obligated to defend a party in any court in this state, except proceedings directly related to the receivership or instituted by the receiver, shall be stayed for six months and any additional time thereafter as may be determined by the court from the date of the designation of impairment or an ancillary proceeding is instituted in the state, whichever is later, to permit proper defense by the receiver or the association of all pending causes of action. A deadline imposed under the Texas Rules of Civil Procedure or the Texas Rules of Appellate Procedure is tolled during the stay.

TEX. INS.CODE ANN. art. 21.28–C, § 17 (Vernon Supp.2002).

The Insurance Code clearly mandates an automatic six-month stay from the date the Texas Commissioner of Insurance designates Reliance an "impaired insurer." *See* TEX. INS.CODE ANN. art. 21.28–C, § 17 (Vernon Supp.2002); *Builders Transport, Inc. v. Grice–Smith*, 63 S.W.3d 822 (Tex. App.—Waco 2001, no pet.). The only issue is whether Reliance is a "party or is obligated to defend a party," under the statute. TEX. INS.CODE ANN. art. 21.28–C, § 17 (Vernon Supp.2002).

■ Subrogation is the right of one who has paid an obligation, which another should have paid, to be indemnified by the other. *Texas Ass'n of School Boards, Inc. v. Ward*, 18 S.W.3d 256, 258 (Tex.App.— Waco 2000, no pet.). In this case, Reliance is subrogated to the rights of appellees as the workers' compensation provider for appellant under section 417.001 of the Texas Labor Code. *See* TEX. LABOR CODE ANN. § 417.001 (Vernon Supp.2002). The statute reads in pertinent part:

> If a benefit is claimed by an injured employee or a legal beneficiary of the employee, the insurance carrier is subrogated to the rights of the injured employee and may enforce the liability of the third party in the name of the injured employee or legal beneficiary.

*Id.*

■ Because Reliance is a subrogated entity that has intervened in the suit, we hold that Reliance is a party to the suit under article 21.28–C of the Insurance Code. *See* TEX. INS.CODE ANN. art. 21.28–C, § 17 (Vernon Supp.2002). Reliance asserted its right as a party in the trial court, and, as such, is a party to the suit. Accordingly, the Court orders as follows:

1. The appeal is stayed until April 5, 2002.

2. If the stay is not extended beyond April 5, 2002, the Court will set the case for submission. International Elevator shall notify the Court immediately if the stay is extended.

3. To the extent any relief requested in motions pending before the Court in this appeal is not granted by this order, the Court denies relief.

It is so **ORDERED.**