### In re CONSOLIDATED FREIGHTWAYS, INC.

### No. 04–01–00823–CV.

Court of Appeals of Texas, San Antonio.

March 20, 2002.

Ruth G. Malinas, J. Michael Ezzell, Ball & Weed, P.C., San Antonio, Jose E. Garcia, Law Offices of Jose E. Garcia, McAllen, for appellant.

Humberto G. Garcia, Curney, Garcia, Wise & Farmer, P.C., Richard V. Secord, Jr., Virgil W. Yanta, The Yanta Law Firm, San Antonio, Douglas A. Allison, Law Office of Douglas A. Allison, John C. Gunter, Hornsberger, Manning & Ward, Corpus Christi, for appellee.

Sitting: PHIL HARDBERGER, Chief Justice, PAUL W. GREEN, Justice, and SARAH B. DUNCAN, Justice.

## OPINION

SARAH B. DUNCAN, Justice.

Consolidated Freightways, Inc. ("CFI") complains of the trial court's refusal to give effect to the statutory stay that is triggered when a party's insurer is declared "impaired." *See* TEX. INS. CODE ANN. art. 21.28-C § 17 (Vernon Supp. 2001). We conditionally grant the writ of mandamus.

### FACTUAL AND PROCEDURAL BACKGROUND

The underlying lawsuit arises out of an accident involving a pickup occupied by Russell Stephens and Coleman Clement and a tractor-trailer. Because Stephens

and Clement died in the accident, the ensuing lawsuit was filed by Stephens' and Clement's representatives. Among those sued was CFI. CFI tendered the defense of the suit to Reliance National Indemnity Co. ("Reliance"), its primary and excess/umbrella insurance carrier, pursuant to duty to defend provisions in the primary and excess/umbrella policies.[2] In September and early October, 2001, the parties conducted settlement negotiations. Although the result of the negotiations with the Stephens plaintiffs' is disputed,[3] two facts are undisputed: (1) Reliance was to pay at least part of any settlement; and (2) no settlement has been funded.

On October 3, 2001, a Pennsylvania court issued an order placing Reliance into liquidation because of insolvency. Shortly thereafter, on October 5, the Texas Commissioner of Insurance issued an order declaring Reliance an "impaired insurer," as that term is defined in section 5(9) of article 21.28(c) of the Insurance Code. In accordance with this order, on October 24, CFI filed a notice of automatic stay pursuant to article 21.28-C, section 17 of the Insurance Code, which provides:

> All proceedings in which an impaired insurer is a party or is obligated to defend a party in any court in this state, . . . shall be stayed for six months and any additional time thereafter as may be determined by the court from the date of the designation of impairment or an ancillary proceeding is instituted in the state, whichever is later, to permit proper defense by the receiver or the [guaranty] association of all pending causes of action.

The Stephens plaintiffs responded to the notice of stay and filed a motion for summary judgment to enforce their settlement agreement. In their motion, the Stephens plaintiffs alleged there was no evidence Reliance was obligated to defend CFI and therefore no evidence the section 17 stay applied. In their response to the notice of stay, the Stephens plaintiffs also contended CFI has waived its right to the stay, CFI is estopped from denying the settlement, and the stay statute is unconstitutional.[4]

After a hearing on December 18, 2001, the trial court signed three orders:

1. An order granting the Stephens plaintiffs' no evidence motion for summary judgment and ordering CFI's "request and notice of stay of proceedings . . . denied and held for naught;"

2. An order specifically denying a stay of the proceedings in the case; and

3. An order prohibiting CFI from "denying, withdrawing, retracting or contradicting the admitted fact of the existence of a settlement with the Stephens Plaintiffs."

In response to these orders, CFI filed a petition for writ of mandamus arguing the section 17 stay applies and the trial court's post-October 5, 2001 orders are void. At

---

2. The primary policy provides that Reliance has "the right and duty to defend any suit asking for [covered] damages." Reliance's "duty to defend or settle ends when the liability coverage limit of insurance has been exhausted by payment of judgments or settlements." The primary policy is a "fronting policy" for the Reliance excess/umbrella liability policy, which has a five million dollar liability limit and imposes a duty on Reliance to defend once the primary policy is exhausted.

3. We express no opinion on whether an enforceable settlement agreement had been reached, because that issue is irrelevant to the only issue presented in this mandamus proceeding—whether the section 17 stay applies.

4. The Stephens plaintiffs have abandoned their constitutional argument in this court.

CFI's request, this court issued an order granting temporary relief and staying all proceedings in the trial court. Despite our stay order, the Stephens plaintiffs filed an amended petition joining a new defendant for whose actions it seeks to hold CFI vicariously liable.

## PREREQUISITES FOR MANDAMUS RELIEF

■ A writ of mandamus will issue only if the relator establishes it does not have an adequate remedy by appeal to redress a clear abuse of discretion by the trial court. *Walker v. Packer*, 827 S.W.2d 833, 839–42 (Tex.1992). In the context of factual matters, an abuse of discretion is shown only if, on the evidence before it, the trial court could reasonably have reached only one decision. *Walker*, 827 S.W.2d at 839–40. However, "[a] trial court has no 'discretion' in determining what the law is or applying the law to the facts." *Id.* at 840. Accordingly, "a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion, and may result in appellate reversal by extraordinary writ." *Id.*

■ As a general rule, a writ of mandamus is not available to correct interlocutory orders that are "merely incidental to the normal trial process" because this type of error may be corrected on appeal. *State Bar of Tex. v. Heard*, 603 S.W.2d 829, 833 (Tex.1980). However, a writ of mandamus will issue if the trial court "fails to observe a mandatory statutory provision conferring a right or forbidding a particular action. In these instances the trial court's discretion is not invoked, and its failure to comply with the mandatory provision renders its order or judgment void." *Id.* at 834. If the challenged order is void, the relator need not show that it lacks an adequate appellate remedy. *In re Southwestern Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex.2000) (per curiam); see *Dunn v. Street*, 938 S.W.2d 33, 35 (Tex.1997) (per curiam) (holding a writ of mandamus will issue to compel a trial court to set aside a void order because signing a void order is necessarily an abuse of discretion for which the ordinary appellate remedy is inadequate).

## DISCUSSION

In response to CFI's petition, the Stephens plaintiffs argue (1) the trial court properly granted their no-evidence motion for summary judgment on the stay issue because CFI produced no evidence in response to their motion; (2) Reliance has no duty to defend CFI because the case has settled; and (3) CFI waived its right to a stay by joining in an agreed motion to transfer venue to effect a settlement. We address each argument in turn.

### *The Section 17 Stay*

The Property and Casualty Insurance Guaranty Act provides in pertinent part:

All proceedings in which an impaired insurer is a party or is obligated to defend a party in any court in this state, ... shall be stayed for six months and any additional time thereafter as may be determined by the court from the date of the designation of impairment or an ancillary proceeding is instituted in the state, whichever is later, to permit proper defense by the receiver or the [guaranty] association of all pending causes of action.

TEX. INS. CODE ANN. art. 21.28-C § 17 (Vernon Supp. 2001). If section 17 applies, the stay is mandatory; the trial court has no discretion to refuse to recognize it. See *Builders Transport, Inc. v. Grice–Smith*, 63 S.W.3d 822, 823–24 (Tex. App.-Waco 2001, order, no pet. h.); *Burrhus v. M & S Machine & Supply Co., Inc.*, 897 S.W.2d 871, 872 (Tex. App.-San Antonio 1995, order), *disp. on merits*, 933 S.W.2d 635 (Tex. App.-San Antonio 1996, writ denied); *Wil-*

*lard v. Davis,* 881 S.W.2d 907, 911 (Tex. App.-Fort Worth 1994, orig. proceeding). While the stay is in effect, all court actions in derogation of the stay are void. *See Burrhus,* 897 S.W.2d at 873; *see also, Builders Transport,* 63 S.W.3d at 823.

### No-Evidence Motion for Summary Judgment

The Stephens plaintiffs argue the trial court properly granted their no-evidence motion for summary judgment on the stay issue because CFI failed to file evidence in response to it. We disagree with this argument, both in its premise and in its conclusion.

■ First and foremost, contrary to the premise of the Stephens plaintiffs' argument, a no-evidence motion for summary judgment is not available to challenge the applicability of the section 17 stay. Whether the stay applies is not a "claim or defense" upon which CFI "would have the burden of proof at trial." TEX. R. CIV. P. 166a(i). We therefore hold the trial court erred in granting the Stephens plaintiffs' no-evidence motion for summary judgment on the issue of whether the section 17 stay applies.

■ The Stephens plaintiffs are likewise wrong in concluding that CFI's response to their no-evidence motion was insufficient. At the same time that CFI filed its response to the motion for summary judgment, it also filed its reply to the Stephens plaintiffs' response to the notice of automatic stay. Attached to CFI's reply were authenticated copies of the two insurance policies and certified copies of the orders of the Pennsylvania court and the Texas Insurance Commissioner. Thus, in its response to the no-evidence motion, CFI first stated that its argument and proof were set out in full in its reply to the Stephens' response to the notice of automatic stay, "which is on file with this Court and is incorporated herein by reference," and then summarized its argument for applicability of the stay, specifically referencing the documents and explaining their relevance to the stay issue. Not only was this material properly before the court, *see Gensheimer v. Kneisley,* 778 S.W.2d 138, 140 (Tex.App.-Texarkana 1989, no writ), it was plainly sufficient to defeat the no-evidence motion.

### Duty to Defend/Estoppel

■ The Stephens plaintiffs next argue that because their suit has been settled, CFI is estopped from denying the settlement; consequently, there is nothing left for Reliance to defend. We disagree.

Under the express provisions of the primary policy, Reliance's duty to defend does not end until "the liability coverage limit of insurance has been exhausted by payment of judgments or settlements." However, it is undisputed that on October 5, 2001, when Reliance was declared impaired, the settlement had not been funded. Consequently, on that date, "the liability coverage limit of insurance ha[d not] been exhausted by payment of ... settlement." Therefore, on October 5, 2001, Reliance was obligated to defend CFI in a pending court proceeding in this state. The proceedings therefore "shall be stayed for six months." TEX. INS. CODE ANN. art. 21.28-C § 17 (Vernon Supp. 2001).

### Waiver

■ Finally, the Stephens plaintiffs argue CFI waived its right to a stay by signing an agreed motion to transfer venue to effectuate settlement for the benefit of the minor plaintiffs who reside in another county. We again disagree.

■ In support of their argument, the Stephens plaintiffs cite two arbitration cases. However, the right to arbitrate and

the right to the section 17 stay are fundamentally different. Unlike the right to arbitrate, which is personal to the parties and thus subject to waiver, the section 17 stay is designed to protect all claimants and policyholders from the financial loss threatened by an insurer's impairment. TEX. INS. CODE ANN. art. 21.28-C § 2(2). The section 17 stay is thus analogous to a bankruptcy stay. A bankruptcy stay cannot be waived by the debtor. *See In re Sensitive Care*, 28 S.W.3d 35, 38 (Tex.App.-Fort Worth 2000, orig. proceeding). We therefore hold that a policyholder, like CFI, cannot waive the section 17 stay.

## MOTION TO DISMISS

The Stephens plaintiffs have moved to dismiss this mandamus proceeding because it "will ... become moot" when the six-month automatic stay provided by section 17 expires on April 5, 2002. However, as of today's date, the stay has not expired. Moreover, a section 17 stay may be extended by the court in which the delinquency proceeding is pending. TEX. INS. CODE ANN. art. 21.28-C § 17. We therefore deny the motion to dismiss.

## CONCLUSION

Because the stay provided in section 17 of the Property and Casualty Insurance Guaranty Act applies and is not subject to a no-evidence motion for summary judgment, estoppel, or waiver, the trial court erred in granting the Stephens' plaintiffs' no-evidence motion for summary judgment and in purporting to deny any stay of the proceedings. Because the section 17 stay applies, we conditionally grant a writ of mandamus and: (1) order the trial court to vacate its post-October 5, 2001 orders—including the orders signed December 18, 2001—within ten days of the date of this opinion; (2) order all proceedings in the trial court stayed until the section 17 stay expires; and (3) order that all pleadings filed after October 5, 2001 and not directly related to the applicability of the section 17 stay—including the amended petition filed after this mandamus proceeding commenced—are deemed filed on the day after the section 17 stay expires.