IN RE WOLFE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-03-097-CV

IN RE RELATOR

MICHAEL SHANE WOLFE

D/B/A EURO-SPEC SALES

------------

ORIGINAL PROCEEDING

------------

MEMORANDUM OPINION
(footnote: 1)

------------

On April 8, 2003, Michael Shane Wolfe d/b/a Euro-Spec Sales filed a petition for writ of mandamus and a motion for immediate relief.  We strike the motion for immediate relief and deny the petition for writ of mandamus. 

Texas Rule of Appellate Procedure 52.10(a) requires a relator who seeks temporary relief to notify all parties by expedited means that a motion for temporary relief has been or will be filed and to certify to the court that it has complied with the rule.  
Tex. R. App. P.
 52.10(a).  In the certificate of service to relator’s motion, relator’s attorney certifies that he has served real party in interest’s attorneys with a copy of the motion for immediate relief “in the manner indicated below.”  Indicated below are the address, telephone number, and fax number of real party in interest’s attorneys, but no indication of how the motion was served.  Relator filed an amended certificate of service in which relator’s attorney certified that he had served respondent, the trial court judge, with a copy of the motion by hand delivery and that he had served real party in interest’s attorneys via certified mail.  These two certificates of service do not meet the requirements of a certificate of compliance certifying that all parties were notified by expedited means that the motion for immediate relief had been filed.  Therefore, we strike the motion for immediate relief because it does not comply with the requirements of Texas Rule of Appellate Procedure 52.10(a).  
See In re Ahmed, 
42 Tex. Sup. Ct. J. 487, No. 99-0315 (April 8, 1999, order) (striking motion for temporary relief because it did not contain certificate of compliance as required by 
Tex. R. App. P.
 52.10(a)).

In his petition, relator contends that a temporary restraining order, temporary injunction, and order on motion for contempt are void because they were entered while an automatic stay was in effect.  
See 
Tex. Ins. Code Ann. 
§ 21.28-C, § 17 (Vernon Supp. 2003) (mandating a six-month automatic stay of proceedings in which an impaired insurer is a party or is obligated to defend a party).  The relator has the burden of providing the appellate court with a sufficient record to establish a right to mandamus relief.  
Walker v. Packer, 
827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding); 
see 
Tex. R. App. P.
 52.7.  There is no evidence in the mandamus record demonstrating that the insurance code automatic stay provision applies in this case.    

In 
Willard v. Davis, 
we held that the trial court had no discretion but to stay proceedings in which an insolvent insurer is a party or is obligated to defend a party 
if the movant has established by competent evidence his entitlement to the stay.  
881 S.W.2d 907, 911 (Tex. App.—Fort Worth 1994, orig. proceeding).  In that case, the mandamus record included testimonial evidence that the insurer had represented the movant up until the time it was declared insolvent, a copy of the insurance contract, and certified copies of the orders of liquidation and impairment.  
Id. 
at 909.  In this case, the only evidence concerning the applicability of the stay is a Notice of Automatic Stay of Proceedings filed by The Texas Property and Casualty Insurance Guaranty Association (TPCIGA) after the trial court had signed the temporary restraining order and temporary injunction and after the hearing on the order to show cause and for contempt.  In the Notice, TPCIGA’s attorney stated that relator was insured by a policy of insurance issued by Legion Insurance Company and that Legion Insurance Company had been designated as an impaired insurer on October 25, 2002.  There is no statement in the notice or any evidence elsewhere in the mandamus record showing that Legion Insurance Company is  obligated to defend relator in the underlying lawsuit.  
See
 
Tex. Ins. Code Ann. 
§ 21.28-C, § 17.  Thus, because the mandamus record does not establish that relator is entitled to the protection of the automatic stay, we deny the petition for writ of mandamus.

ANNE GARDNER

JUSTICE

PANEL B: DAUPHINOT, GARDNER, and WALKER, JJ.

DELIVERED: April 30, 2003

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.