Jeffrey R. RALEY, Appellant,

v.

William LILE, Appellee.

No. 10–92–274–CV.

Court of Appeals of Texas, Waco.

Sept. 1, 1993.

Rehearing Denied Sept. 29, 1993.

Jearl Walker, Fort Worth, for appellant.

D. Keith Harrison, Kristina Bline Dial, Harrison & Dial, P.C., Burleson, for appellee.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

THOMAS, Chief Justice.

Our disposition turns on whether the appeal is timely perfected. We hold that it was not timely perfected and therefore dismiss for want of jurisdiction. This opinion examines the interplay between sections 108 and 362 of the Bankruptcy Code and their effect on the time period for perfecting the appeal. *See* 11 U.S.C.A. §§ 108(c), 362(a) (West 1993). We hold that the automatic bankruptcy stay did not suspend the timetable for perfecting the appeal, which continued to run even though the stay prevented any action to stop it. We also hold that section 108(c) gave the debtor—in this case, the defendant in the trial court—thirty days from the date the stay terminated to perfect the appeal.

William Lile sued Jeffrey Raley after their cars collided at an intersection. On June 3, 1992, the court signed a judgment for Lile based on the jury's verdict. Raley timely filed a motion for a new trial, thereby extending the time for perfecting an appeal to September 1. *See* TEX.R.APP.P. 41(a)(1). On July 9, however, Raley filed a Chapter 7 petition in bankruptcy. The bankruptcy proceeding remained pending sixty-three days until the court dismissed it on September 10. Raley then filed his appeal bond on October 13.

## SECTION 108

Section 108 of the Bankruptcy Code provides in pertinent part:

(a) If applicable nonbankruptcy law ... fixes a period within which the debtor may commence an action, and such period has not expired before the date of the filing of the petition, the trustee may commence such action only before the later of—

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or

(2) two years after the order for relief.

(b) Except as provided in subsection (a) of this section, if applicable nonbankruptcy law ... fixes a period within which the debtor ... may file any pleading, demand, notice, or proof of claim or loss, cure a default, or perform any other similar act, and such period has not expired before the date of the filing of the petition, the trust-

ee may only file, cure, or perform, as the case may be, before the later of—

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or

(2) 60 days after the order for relief.

(c) ... [I]f applicable nonbankruptcy law ... fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor ..., and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of—

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or

(2) 30 days after notice of the termination or expiration of the stay under section 362 ... with respect to such claim.

11 U.S.C.A. § 108.

■ Collier on Bankruptcy contains an informative discussion of section 108 and its interaction with section 362, the automatic-stay provision. *See* 2 KENNETH N. KLEE ET AL., COLLIER ON BANKRUPTCY §§ 108.02–.04 (Lawrence P. King ed., 15th ed. 1993). Subsection (a) of section 108 extends a statute of limitation for *commencing an action by the debtor. Id.* § 108.02 at 108–4. Because Raley was not *commencing* an action this subsection is clearly not applicable here.

■ Subsection (b), which gives the trustee at least sixty days to take over an action not covered by subsection (a), does not apply to time periods in *actions against the debtor. Id.* § 108.03 at 108–9. Thus, subsection (b) is not applicable because Lile's suit against Raley is an action against a debtor. Actions against the debtor are, of course, stayed by section 362(a) and may proceed only when the stay terminates. 11 U.S.C.A. § 362(a); COLLIER ON BANKRUPTCY § 108.03.

Collier on Bankruptcy also discusses the application of section 108(c) in an action against a debtor when the automatic stay terminates:

*At that point [i.e., when the stay terminates] the time available is governed by section 108(c),* which provides at least 30 days to take action when an act or proceeding had been stayed. Thus, where the debtor has a deadline for filing an appeal prior to bankruptcy, if the action was originally brought against the debtor the trustee need not meet the 60 day time limit of section 108(b), since the action would have been stayed by section 362. There is no need to file pleadings or other briefs in a proceeding which has been stayed; *section 108(c) will be applicable if the stay terminates.*

COLLIER ON BANKRUPTCY 108.03 at 108–9 (emphasis added). Section 108(c) is applicable here.

Rule 41 of the Rules of Appellate Procedure, a "nonbankruptcy law," fixed a ninety-day period within which Raley could "continue" the action by perfecting his appeal. *See* TEX.R.APP.P. 41(a)(1). This deadline had not expired when Raley filed his bankruptcy petition on July 9 and stayed the action against him. The stay also prevented him from perfecting the appeal. *See Cathey v. Johns–Manville Sales Corp.,* 711 F.2d 60, 62 (6th Cir.1983); *Tracy v. Annie's Attic, Inc.,* 840 S.W.2d 527, 542 (Tex.App.—Tyler 1992, writ denied). Under the circumstances, section 108(c) extended the deadline for Raley's continuing the action until the later of two time periods. The first was the end of the ninety-day period, "including any *suspension* of such period occurring on or after the commencement of the case." *See* 11 U.S.C.A. § 108(c)(1) (emphasis added). However, if the ninety-day period had expired before the stay terminated, then section 108(c)(2) extended the deadline for perfecting the appeal to thirty days after notice of the stay's termination. *See id.* § 108(c)(2).

### SUSPENSION OF APPELLATE TIMETABLE?

■ Raley contends the stay not only prevented him from perfecting the appeal but "suspended" or tolled the ninety-day period for perfecting it. According to Raley, he had "used" only thirty-five of the ninety days when the stay became effective, which left

fifty-five days after the stay terminated for perfecting the appeal. If he is correct, the appeal would have been timely perfected because he filed the appeal bond on October 13, only thirty-three days after the stay terminated on September 10.

The stay, however, did not toll the appellate timetable. Neither section 362 nor section 108 operates to suspend or toll any statutory period. *E.g., Johnson v. First Nat. Bank of Montevideo, Minn.,* 719 F.2d 270, 277 (8th Cir.1983), *cert. denied,* 465 U.S. 1012, 104 S.Ct. 1015, 79 L.Ed.2d 245 (1984); *Production Credit Ass'n of Minot v. Burk,* 427 N.W.2d 108, 110 (N.D.1988); *In re Deicas,* 137 B.R. 51, 55 (Bkrtcy.S.D.Cal.1992); *In re Baird,* 63 B.R. 60, 63 (Bkrtcy.W.D.Ky. 1986). Although the stay prevented Raley from taking any action to perfect the appeal, the time limit for doing so continued to run.

We are aware of the opinion in *Howard v. Howard,* 670 S.W.2d 737, 738 (Tex.App.— San Antonio 1984, no writ), in which the court purportedly held that the automatic bankruptcy stay "suspends the running of the ... time limits within which a motion for new trial must be filed." The court used an unfortunate choice of words to state its holding because, in fact, its decision was not based on the stay's "suspension" of the appellate timetable but rather on the thirty-day extension provided by section 108(c)(2):

> Thus section 108(c)(2) provided appellant a 30–day period after notice of the modification of the stay within which she could file her motion for new trial. Since the motion for new trial was filed within nine days of the bankruptcy court's modification of the stay, the motion for new trial was filed timely....

*Id.* at 739–40.

■ There is no statute, procedural rule or common-law principle that suspends the appellate timetable during an automatic bankruptcy stay. *See Peterson v. Texas Commerce Bank—Austin,* 844 S.W.2d 291, 293–94 (Tex.App.—Austin 1992, n.w.h.) (holding that Texas common law tolls *statutes of limitation* during a bankruptcy stay). Accordingly, we hold that the ninety-day period for perfecting the appeal expired on September 1, 1992, although the stay was still in

effect, and that section 108(c)(2) extended the period for perfecting the appeal an additional thirty days from September 10, the date the stay terminated. *See* 11 U.S.C.A. § 108(c)(2).

## UNTIMELY APPEAL BOND

■ The thirtieth day following the stay's termination fell on Saturday, October 10. Rule 5(a) of the Rules of Appellate Procedure provides that, when the last day of a computed time period falls on Saturday, as here, "the period extends to the end of the next day which is not a Saturday, Sunday or legal holiday." *See* TEX.R.APP.P. 5(a). Rule 4 of the Rules of Civil Procedure contains similar language. TEX.R.CIV.P. 4.

Article 4591.6 designates the second monday in October—in this instance, October 12—as "Columbus Day." *See* TEX.REV.CIV. STAT.ANN. art. 4591.6 (Vernon Supp. Pamphlet 1993). However, articles 4591 and 4591.2 did not list Columbus Day as an official state holiday in 1992. *Id.* at arts. 4591, 4591.2. We also take judicial notice that the Commissioners' Court of Johnson County did not designate Columbus Day as an official county holiday in 1992 and that the courthouse was open for business on October 12. *See* TEX.R.CIV.EVID. 201(b)(2), (c), (f).

Monday, October 12, was the next day that was not a Saturday, Sunday or legal holiday. Thus, Raley actually had until the end of October 12 to perfect his appeal. *See* TEX. R.APP.P. 5(a). An appeal bond, if mailed to the district clerk on or before October 12— by first-class U.S. mail, in a properly addressed and stamped envelope—and, if received by the district clerk within ten days thereafter, could be deemed timely filed. *Id.* at 4(b); TEX.R.CIV.P. 5. However, the record does not reflect that this was accomplished.

The extension granted by section 108(c)(2) for perfecting the appeal thus expired on October 12. Raley did not file his appeal bond until October 13, which was untimely, and this court has no jurisdiction. Accord-

ingly, we dismiss the cause for want of jurisdiction.