ROADSIDE STATIONS, INC., Appellant,

v.

7HBF, LTD., and Nu-Way Distributing Company, Appellees.

No. 2–94–012–CV.

Court of Appeals of Texas, Fort Worth.

April 12, 1994.

Kerr, Weaver, Parker & Kerr, P.C., Elizabeth Sturdivant Kerr, Fort Worth, for appellant.

Hill, Gilstrap, Moorhead, White, Bodoin & Webster, Frank Gilstrap, Kerry David McLain, Arlington, for appellees.

Before HILL, C.J., and HICKS and FARRAR, JJ.

## OPINION ON MOTION TO DISMISS

HILL, Chief Justice.

7HBF, Ltd., and Nu–Way Distributing Company, the appellees, have moved to dismiss this appeal because they contend that Roadside Stations, Inc., the appellant, has filed the transcript late.

We overrule the appellees' motion to dismiss because we hold that the transcript was timely filed.

The relevant facts are undisputed. The appellees received a final summary judgment against Roadside, a judgment that was signed on June 11, 1993. On October 27, 1993, the bankruptcy court lifted an automatic stay that had become effective when Roadside filed for bankruptcy on June 18, but the court made its order effective November 12, 1993.

Roadside filed its appeal bond on December 7, 1993, twenty-five days after the effective date of the lifting of the stay. Roadside delivered a transcript to this court on January 18, 1994, sixty-seven days after the stay was lifted. This court granted a motion for extension of time in which to file the transcript and ordered it filed.

The issue is whether Roadside filed its motion to extend the time for filing its transcript within fifteen days of its due date, or whether the transcript was due to be filed thirty days after the effective date of the lifting of the bankruptcy stay, making Roadside's motion untimely and our action thereon invalid.

Because Roadside filed no motion for new trial, its appeal bond was due on July 11, 1993, thirty days after the judgment was signed on June 11, 1993. *See* Tex.R.App.P. 41(a)(1). The transcript was due on August 10, 1993. As we have noted above, these times expired while the bankruptcy stay was effective.

Both the appellees and Roadside agree that the due date for filing Roadside's appeal bond was thirty days after the effective date of the lifting of the stay, a time established by reference to section 108(c) of the United States Bankruptcy Code. That section provides that if nonbankruptcy law

fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor, and the period has not expired before the date of the filing of the bankruptcy petition, then the period does not expire until the later of the end of the period, including any applicable suspension, or until thirty days after notice of the termination or expiration of the stay with respect to the claim. 11 U.S.C.A. § 108(c) (West 1993).

We construe the intent of section 108(c) as being to renew the running of the Texas appellate timetable by making the due date, for the next item that must be filed to commence or continue the appeal, be thirty days from the date the stay was lifted. From that point, as we understand the intended interrelation between the bankruptcy law and the appellate rules, the appellate timetable established by the Texas Rules of Appellate Procedure is effective.

■ At the time the bankruptcy stay was lifted, Roadside had not perfected its appeal. Where, as here, security for costs is required by law, the appeal is perfected when the bond has been filed. Tex.R.App.P. 40(a). As we have previously noted, the appellees and Roadside have agreed that this bond was due thirty days from the date that the bankruptcy stay was lifted. Roadside timely filed the bond.

■ The issue, then, is when the transcript was due to be filed. As we previously indicated, once the action needed to commence or continue the appeal has been taken, the timetable of the Texas Rules of Appellate Procedure becomes effective in determining subsequent time limits. If that is the case, we know that the appellate timetable scheme as provided in the Texas Rules of Appellate Procedure does not envision the transcript as being due on the same date the appeal is perfected.

Rule 51(c) of the Texas Rules of Appellate Procedure provides that "[u]pon perfection of the appeal, the clerk of the trial court shall prepare under his hand and seal of the court and immediately transmit the transcript to the appellate court designated by the appellant." Tex.R.App.P. 51(c). The fact that from a practical standpoint the preparation of such a transcript takes some time shows that it was not intended that the appeal bond and transcript be filed on the same day. The fact that the bond is due thirty days from the date that the judgment is signed and the transcript is due sixty days from the date judgment is signed also shows that it was intended that the transcript be due thirty days from the unextended due date of the appeal bond.

Therefore, we hold that in this case the transcript was due on January 11, 1994. Although Roadside did not file its transcript until January 18, it timely sought and obtained an extension to file. Therefore, the transcript has been timely filed.

■ The appellees assert that section 108(c) sets the filing date for the transcript and the appeal bond thirty days after the stay is lifted because the section applies to a period for commencing or continuing a civil action that has not expired before the filing of the petition. They argue that the section applies to the period for filing the transcript because the filing of the transcript is necessary for the continuation of the appeal.

■ We construe the section as applying to the dates for commencing an action or, in this case, an appeal, where the action or appeal has not yet commenced and as applying to the next applicable date necessary for the continuation of an action in those cases where the action or appeal has already commenced. Since in this case the appeal had not yet commenced, the section applied to the date for commencing the appeal, that is, the due date for the filing of the appeal bond, the method under our rules for perfecting the appeal. If this were a case in which the appeal had already been perfected when the stay became effective, section 108(c) would apply and the transcript would be due thirty days from the effective date of the order lifting the stay. Since the appeal in this case had not commenced when the stay was lifted, the thirty days set forth in section 108(c) only applied to the date on which the appeal bond was due.

The appellees rely on the case of *Raley v. Lile*, 861 S.W.2d 102 (Tex.App.—Waco 1993,

writ denied). In *Raley*, the court of appeals held just what we have, that the appellant had thirty days from the lifting of the bankruptcy stay in order to perfect his appeal by filing an appeal bond. *Id.* at 105. The issue of when the transcript was due to be filed was not addressed. Although the court referred to the perfection of the appeal as a continuation of the lawsuit rather than as a commencement of the appeal, we hold that it makes no difference because once the first action is taken for continuation of an action, the Texas appellate timetable becomes effective. As we have previously stated, the Texas Rules of Appellate Procedure do not envision, when the appeal bond is filed on its due date, for the transcript as being due on that same date.

We overrule the appellees' motion to dismiss.

HILL, C.J., and HICKS and FARRAR, JJ., concur.