Ibn Khedru Ankh a/k/a Frederick Louis Pugh
















IN THE
TENTH COURT OF APPEALS
 

No. 10-98-329-CV

     IBN KHEDRU ANKH, A/K/A
     FREDERICK LOUIS PUGH,
                                                                                   Appellant
     v.

     T.D.C.J.—I.D.,
                                                                                   Appellee
 

From the 52nd District Court
Coryell County, Texas
Trial Court # 31,434
                                                                                                                

MEMORANDUM OPINION 
                                                                                                                

      Appellant filed suit against appellee for alleged civil rights violations. The court dismissed
the proceeding by written order on May 14, 1998. Appellant filed a “Request for
Reconsideration” on May 22. He filed notice of appeal on October 19, 158 days after the court
dismissed his lawsuit. Thus, his notice of appeal is untimely.


 See Tex. R. App. P. 26.1; Raley
v. Lile, 861 S.W.2d 102, 105-06 (Tex. App.—Waco 1993, writ denied) (untimely appeal bond). 
Because appellant did not timely file his notice of appeal, we lack jurisdiction over the appeal. 
Id. Accordingly, we dismiss the appeal for want of jurisdiction.
 
                                                                               PER CURIAM

Before Chief Justice Davis, 
      Justice Vance, and
      Chief Justice McDonald (retired)
Dismissed for want of jurisdiction
Opinion delivered and filed November 4, 1998
Do not publish



0;On January 29, 1997, Fleming filed both a response to the motion to dismiss and a petition
for a writ of mandamus against Judge Duncan, entreating this court to order him to send the case
to arbitration. In its response to the motion to dismiss, Fleming did not affirmatively contest the
grounds upon which David's sought to have the interlocutory appeal dismissed. Instead, it
explained that the arbitration clause contained in the 1992 agreement may be governed both by the
Federal Arbitration Act and the Texas General Arbitration Act, Tex. Civ. Prac. & Rem. Code
Ann. §§ 171.001-.023 (Vernon Pamph. 1997), pointing out that one must proceed by mandamus
to seek review of the denial of a motion to arbitrate under federal law, but may seek an
interlocutory appeal if the agreement is governed by Texas law. Thus, its dual proceedings were
an attempt to make certain that its complaint was heard by this court in either case. See Jack B.
Anglin. Co., Inc. v. Tipps, 842 S.W.2d 266, 271-72 (Tex. 1992) (orig. proceeding).
          The arbitration clause in the 1992 agreement reads, in full:
Disputes; Arbitration. The parties agree that all disputes between them relating to this
Agreement are to be resolved by arbitration as provided in this Agreement. This
agreement to arbitrate will survive the rescission or termination of the Agreement. All
arbitration will be conducted pursuant to the Commercial Arbitration Rules of the
American Arbitration Association except as may be provided for in this Agreement. The
panel used will be selected from, if available, the "Food Industry Panel" employed by the
American Arbitration Association and the decision of the arbitrators will be final and
binding on all parties. All arbitration will be undertaken pursuant to the Federal
Arbitration Act, where applicable, and the decision of the arbitrators will be enforceable
in any court of competent jurisdiction.

(Emphasis by italics added.)
          It is clear by the wording of the arbitration clause that the 1992 agreement is subject to the
Federal Arbitration Act. Even assuming that the 1992 agreement applies to the controversy
between the parties, any agreement between them to arbitrate their dispute is governed by the
federal legislation. See Metropolitan Property and Liab. Ins. Co. v. Bridewell, 933 S.W.2d 358,
361 (Tex. App.—Waco 1996, orig. proceeding).


 In Texas, a party may not seek appellate review
of the denial of a motion to compel arbitration under the Federal Arbitration Act by interlocutory
appeal. Jack B. Anglin, 842 S.W.2d at 272; see Metropolitan Property, 933 S.W.2d 358, 361. 
The only remedy is a petition for a writ of mandamus. Id.
          Unless permitted by statute, Texas courts have no jurisdiction to consider an interlocutory
appeal. Jack B. Anglin, 842 S.W.2d at 272; see Tex. Civ. Prac. & Rem. Code Ann. § 51.014
(Vernon Supp. 1997). As there is no statutory authorization for Fleming's interlocutory appeal,
we have no jurisdiction over the cause. See Jack B. Anglin, 842 S.W.2d at 272; D. Wilson
Constr. Co. v. McAllen Indep. Sch. Dist., 848 S.W.2d 226, 228 (Tex. App.—Corpus Christi
1992, writ dism'd w.o.j.).
          Therefore, David's motion to dismiss for want of jurisdiction is granted, and the appeal
is dismissed.

                                                                                 PER CURIAM

Before Justice Cummings,
          Justice Vance, and
          Chief Justice McDonald (Retired)
Dismissed for want of jurisdiction
Opinion delivered and filed February 26, 1997
Do not publish