David Lee DAVIS, Appellant,

v.

James BAKER, Individually and as Guardian of David Baker, an Incapacitated Person and Lele Baker, Appellees.

No. 03–99–00849–CV.

Court of Appeals of Texas, Austin.

Nov. 16, 2000.

Kenneth A. Richey, Richey & Young, P.C., Austin, for appellant.

Jerry Galow, Watson, Bishop, London, & Galow, P.C., Austin, for appellees.

Before Justices JONES, YEAKEL and PATTERSON.

### *ORDER*

YEAKEL, Justice.

After being sued by appellees James Baker, individually and as guardian of David Baker, an incapacitated person, and Lele Baker (collectively, "the Bakers"), appellant David Lee Davis ("Davis") filed a petition for bankruptcy pursuant to chap-

ter 7 of the United States Bankruptcy Code. *See* 11 U.S.C.A. §§ 301, 701–66 (West 1993 and Supp.2000). The filing of the bankruptcy petition automatically stayed the state-court suit. *See* 11 U.S.C.A. § 362(a)(1) (West 1993). The Bakers successfully moved the bankruptcy court to modify the automatic stay to allow the state-court action "to proceed to final judgment." After a jury trial, the trial court rendered judgment for the Bakers. Davis then brought this appeal. In their response, the Bakers argue, *inter alia*, that the appeal is beyond the terms of the bankruptcy court's order. Strictly construing the order modifying the stay as we must, we conclude that the bankruptcy court's order only allowed the state-court suit to proceed to judgment in the trial court and no further. Accordingly, we will suspend the appeal.

### Factual Background and Procedural History

Davis was driving David Baker and another passenger when Davis's car collided with an on-coming vehicle. As a result of the injuries sustained by David Baker, James Baker and Lele Baker, his parents, sued Davis. After the Bakers filed suit, Davis petitioned for bankruptcy. *See* 11 U.S.C.A. § 301 (West 1993). The Bakers sought and obtained a modification of the automatic stay to proceed with the state-court suit. *See* 11 U.S.C.A. § 362(d) (West Supp.2000). After a jury verdict and judgment in favor of the Bakers, Davis appealed to this Court.[1]

The Bakers contend that the order modifying the automatic stay did not authorize an appeal of the trial-court judgment. Thus, they argue that this Court must dismiss the appeal or be in violation of the automatic stay.

### Discussion

■■■ Davis's bankruptcy petition operated as a stay of the Bakers' state-court suit:

> [T]he commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title . . . .

11 U.S.C.A. § 362(a)(1) (West 1993 & West Supp.2000). Section 362 freezes in place all judicial proceedings against a debtor. *Casperone v. Landmark Oil & Gas Corp.*, 819 F.2d 112, 114 (5th Cir.1987). Appeals are continuations of judicial proceedings. *Cathey v. Johns–Manville Sales Corp.*, 711 F.2d 60, 61 (6th Cir.1983). Only an order of the bankruptcy court can authorize any further progress in the stayed proceedings. *Casperone*, 819 F.2d at 114.

■■■ The automatic stay applies at both the trial and appellate level. *Cathey*, 711 F.2d at 61. The stay prevents a debtor from appealing the decision of a non-bankruptcy forum when that action was originally commenced against the debtor. *In re Capgro Leasing Assocs.*, 169 B.R. 305, 310 (Bankr.E.D.N.Y.1994); *see Marcus, Stowell & Beye Gov't Sec., Inc. v. Jefferson Invest. Corp.*, 797 F.2d 227, 230 n. 4 (5th Cir.1986). A debtor's own appeal is a continuation of a judicial proceeding and is automatically stayed if it arises from an action initiated against the debtor. *Capgro*, 169 B.R. at 310–11; *see Tracy v. Annie's Attic, Inc.*, 840 S.W.2d 527, 542 (Tex.App.—Tyler 1992, writ denied) (citing *O'Neill v. Continental Airlines, Inc. (In re Continental Airlines* ), 928 F.2d 127, 128–

---

1. The trial-court record is incomplete and does not contain a copy of the Bakers' original petition. It would appear from the record received by this Court, that the state-court suit was originally filed in the 126th District Court of Travis County and at some point was transferred to the Probate Court No. 1 of Travis County. As we will suspend this appeal pending further order of the bankruptcy court, we do not consider the incompleteness of the trial-court record material to this case at this time.

29 (5th Cir.1991)). In an action initiated against the debtor, no party to the action may appeal absent relief by the bankruptcy court from the automatic stay. *Capgro,* 169 B.R. at 311.

■■■ Section 362(d) allows a party in interest, after notice and hearing, to request the bankruptcy court to modify the stay, if certain conditions are met. 11 U.S.C.A. § 362(d) (West Supp.2000). For example, the desire to permit an action to proceed to completion in another tribunal may provide cause for a modification of the stay. 11 U.S.C.A. § 362 note (West 1993) (1978 Revision Notes). Here, the Bakers moved the bankruptcy court for a modification of the stay to allow the state-court action to proceed. The bankruptcy court granted their motion and signed an order, which provided in relevant part:

> the Court having found that cause exists and that the automatic stay should be modified, it is therefore ORDERED that the automatic stay in this case is modified to the extent that Cause No. 94–08341; James Baker, individually and a/n/f/ David Baker, a minor, and Lee Baker v. David Lee Davis; In the 126th Judicial District Court of Travis County, Texas, *shall proceed to final judgment.*

(Emphasis added.) We must decide whether the phrase "proceed to final judgment" includes an appeal to this Court.

■■■ Interpreting the scope and effect of a bankruptcy-court order modifying the automatic stay in a pending bankruptcy case raises primarily issues of federal law, not state law. *State Street Bank & Trust Co. v. Park (In re Si Yeon Park, Ltd.),* 198 B.R. 956, 963 (Bankr.C.D.Cal. 1996). The terms of an order modifying the automatic stay must be strictly construed. *Casperone,* 819 F.2d at 114. In federal litigation, a final judgment is "the order that winds up the case except for some details such as the assessment of costs or (where authorized) attorney's fees that are, for practical reasons, considered separate from the main proceeding." *In*

*re James Wilson Assocs.,* 965 F.2d 160, 166 (7th Cir.1992).

The bankruptcy court's order is at best inconclusive. It does not specifically authorize or refer to an "appeal." The language used is neither "final unappealable judgment" nor "final judgment on the merits." Because an order modifying an automatic stay must be strictly construed, this Court will not presume that the bankruptcy court intends to hold in abeyance final resolution of Davis's pending bankruptcy until all state-court appeals have become final. We therefore hold that Davis's pending bankruptcy suspends this appeal until further order by the bankruptcy court. *See* Tex.R.App.P. 8.2. Either party may request a clarification from the bankruptcy court, including a further modification of the stay, to allow this appeal to proceed. However, until we receive a further order from the bankruptcy court indicating this appeal can proceed to final resolution, we are bound by the automatic stay. *See* 11 U.S.C.A. § 362(a)(1) (West 1993 & Supp.2000).

### Conclusion

Accordingly, the cause on appeal is suspended and removed from the Court's active docket until further order of the bankruptcy court. Upon receipt of an order allowing this Court to proceed, the parties are instructed to file a motion requesting this Court to reinstate the case. *See* Tex. R.App.P. 8.3(a).

It is so ordered November 16, 2000.