# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-99-00849-CV

**David Lee Davis, Appellant**

**v.**

**James Baker, Individually and as Guardian of David Baker, an Incapacitated Person and Lele Baker, Appellees**

### FROM THE PROBATE COURT NO. 1 OF TRAVIS COUNTY
### NO. 66,740-A, HONORABLE GUY S. HERMAN, JUDGE PRESIDING

This Court abated this appeal on November 16, 2000, based on a determination that the bankruptcy-court order lifted the automatic stay[1] only for purposes of trial, not for an appeal. *Davis v. Baker*, 29 S.W.3d 921, 924 (Tex. App.—Austin 2000, order). Appellant Davis has now filed a motion to reinstate the appeal because the Court of Appeals for the Fifth Circuit has rendered final judgment and the stay no longer applies. *See* Tex. R. App. P. 8.3. Appellant also contends that Court's holding that no *Stowers*[2] claim exists in the bankruptcy estate mandates that this Court reverse the trial-court judgment in cause 66,740-A and render judgment that appellees take nothing. *See Safeway Managing Gen. Agency v. Osherow (In re Davis)*, 253 F.3d 807, 808 (5th Cir. 2001).

---

[1] 11 U.S.C.A. § 362(a)(1) (West 1993).

[2] *Stowers Furniture Co. v. American Indem. Co.*, 15 S.W.2d 544 (Tex. Comm'n App. 1929, holding approved).

Appellees have responded that, although not in agreement with the Fifth Circuit's decision, they agree that the relief sought by appellant is legally proper and do not oppose the motion.[3]

Accordingly, we grant appellant's motion, reinstate the cause, reverse the trial-court judgment, and render judgment that appellees take nothing.

_____

Lee Yeakel, Justice

Before Justices Kidd, Yeakel and Patterson

Reversed and Rendered

Filed:  November 8, 2001

Do Not Publish

---

[3] Appellees request that each party be permitted to recover its exhibits used at the trial. Upon the issuance of the mandate in a case, this Court's clerk customarily requests that the parties recover their exhibits. Accordingly, appellees' request is granted.