CITY OF WORTHAM, Appellant,

v.

Jerry CALAME, Appellee.

No. 10–02–245–CV.

Court of Appeals of Texas, Waco.

Nov. 6, 2002.

R. Neel McDonald, Fairfield, for Appellant.

Reed Jackson, Fairfield, for Appellee.

Before Chief Justice DAVIS, Justice CUMMINGS, and Justice VANCE.

## MEMORANDUM OPINION

PER CURIAM.

Jerry Calame filed an inverse condemnation suit against the City of Wortham. Following a bench trial, the court rendered judgment in Calame's favor. The court signed the judgment on February 13, 2002. The City filed a timely request for findings of fact and conclusions of law. The City did not file its notice of appeal until August 30.

If any party makes a timely request for findings of fact and conclusions of law and such findings and conclusions are required by the Rules of Civil Procedure or could be considered by this Court, "the notice of appeal must be filed within 90 days after the judgment is signed." TEX.R.APP. P. 26.1(a)(4). Because the City filed a timely request for findings of fact and conclusions of law, its notice of appeal was due May 14, 2002. The City's August 30 notice of appeal was more than 100 days late.

We notified the parties by letter dated October 16, 2002 that this appeal may be dismissed for want of jurisdiction because of the untimely notice of appeal. *Id.* 42.3(a). In response, the City asserts that Calame and the trial court are to blame for the late notice of appeal because the requested findings of fact and conclusions of law were not prepared and filed until July 22. However, Rule of Appellate Procedure 2 expressly prohibits this Court from suspending the requirements of the appellate rules in a manner which will "alter the time for perfecting an appeal in a civil case." *Id.* 2.

Because the City of Wortham's notice of appeal is untimely, we lack jurisdiction over this appeal. *Raley v. Lile,* 861 S.W.2d 102, 105–06 (Tex.App.-Waco 1993, writ denied) (untimely appeal bond). Accordingly, we dismiss the appeal for want of jurisdiction.