City of Wortham v. Jerry Calame















IN THE
TENTH COURT OF APPEALS
 

No. 10-02-245-CV

     CITY OF WORTHAM,
                                                                              Appellant
     v.

     JERRY CALAME,
                                                                              Appellee
 

From the County Court
Freestone County, Texas
Trial Court # 4383
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      Jerry Calame filed an inverse condemnation suit against the City of Wortham. Following a
bench trial, the court rendered judgment in Calame’s favor. The court signed the judgment on
February 13, 2002. The City filed a timely request for findings of fact and conclusions of law. 
The City did not file its notice of appeal until August 30.
      If any party makes a timely request for findings of fact and conclusions of law and such
findings and conclusions are required by the Rules of Civil Procedure or could be considered by
this Court, “the notice of appeal must be filed within 90 days after the judgment is signed.” Tex.
R. App. P. 26.1(a)(4). Because the City filed a timely request for findings of fact and conclusions
of law, its notice of appeal was due May 14, 2002. The City’s August 30 notice of appeal was
more than 100 days late.
      We notified the parties by letter dated October 16, 2002 that this appeal may be dismissed for
want of jurisdiction because of the untimely notice of appeal. Id. 42.3(a). In response, the City
asserts that Calame and the trial court are to blame for the late notice of appeal because the
requested findings of fact and conclusions of law were not prepared and filed until July 22. 
However, Rule of Appellate Procedure 2 expressly prohibits this Court from suspending the
requirements of the appellate rules in a manner which will “alter the time for perfecting an appeal
in a civil case.” Id. 2.
      Because the City of Wortham’s notice of appeal is untimely, we lack jurisdiction over this
appeal. Raley v. Lile, 861 S.W.2d 102, 105-06 (Tex. App.—Waco 1993, writ denied) (untimely
appeal bond). Accordingly, we dismiss the appeal for want of jurisdiction.
 
                                                                         PER CURIAM
Before Chief Justice Davis,
      Justice Cummings, and
      Justice Vance
Dismissed for want of jurisdiction
Opinion delivered and filed November 6, 2002
Publish
[CV06]



al assault of a child. See Act of July
18, 1987, 70th Leg., 2d C.S., ch. 16, § 1, 1987 Tex. Gen. Laws 80, 80 (amended 1993) (current
version at Tex. Pen. Code Ann. § 22.021(a)(1)(B)(i), (2)(B) (Vernon Supp. 1999)). Wilson
pleaded true to two prior felony theft convictions alleged to enhance him to the level of an habitual
offender. The court sentenced him to imprisonment for life. Wilson claims in three related points
that: (1) the court erred by failing to require the State to elect the act on which it would rely for
conviction; and (2) counsel rendered ineffective assistance by failing to request an election at the
conclusion of the State’s case in chief and by failing to request limiting instructions on extraneous
offenses admitted in evidence (two points).
BACKGROUND
      The indictment alleges in pertinent part that on or about March 23, 1992 Wilson:
caus[ed] the penetration of the female sexual organ of [M.W.], a child, by an object, to-wit: the sexual organ of DICKIE BRUCE WILSON, and at the time of the offense, the
child was younger than 14 years of age.

M.W. was born in April 1980. She testified that she could recall Wilson sexually assaulting her
by sexual intercourse


 as early as when she was nine. M.W. told the jury of numerous occasions
on which Wilson sexually assaulted her during the six years he had a relationship with her mother. 
The evidence reflects that a doctor diagnosed M.W. to be twelve weeks pregnant on April 21,
1992. M.W. recounted that during the months preceding this diagnosis, Wilson sexually assaulted
her once or twice per week. Wilson abandoned M.W. and her mother in early April before the
pregnancy diagnosis.
      M.W.’s mother took her to a clinic where her pregnancy was terminated on May 2. Two
years later, M.W. told her father about the sexual abuse and her pregnancy.


 Her father told her
stepmother, who took her to the police department to press charges.
      Before opening statements, Wilson asked the court to require the State to elect the specific act
of sexual intercourse on which it would rely to obtain his conviction. The court overruled
Wilson’s request and granted him “a continuing objection throughout the remainder of this trial 
 . . . that the Court is not ordering the State to elect the date of the alleged offense that’s
forming the basis of this prosecution.”
FAILURE TO REQUIRE ELECTION
      Wilson contends in his first point that the court erred by not requiring the State to elect the
particular instance of sexual intercourse on which it would rely to obtain his conviction. The State
responds that the error, if any, is harmless.
      Generally, the State must elect the specific act on which it will rely for conviction when the
indictment alleges one sexual assault but the evidence shows multiple assaults. O’Neal v. State,
746 S.W.2d 769, 771 (Tex. Crim. App. 1988). When an election is required:
[t]he trial court in its discretion may order the State to make its election at any time prior
to the resting of the State’s case in chief. However, once the State rests its case in chief,
in the face of a timely request by the defendant, the trial court must [emphasis added]
order the State to make its election. Failure to do so constitutes error.

Id. at 772; accord Scoggan v. State, 799 S.W.2d 679, 680 & n.3 (Tex. Crim. App. 1990);
Crawford v. State, 696 S.W.2d 903, 905-07 (Tex. Crim. App. 1985); Bates v. State, 165 Tex.
Crim. 140, 141-42, 305 S.W.2d 366, 368 (1957). An exception to the election requirement occurs
when “several acts of intercourse were committed by one continuous act of force and threats and
are part of the same criminal transaction.” O’Neal, 746 S.W.2d at 771.
      The State does not argue that the exception applies in this case. In O’Neal, Crawford, and
Bates, the Court held that an election was required because more than one criminal transaction had
been shown. O’Neal, 746 S.W.2d at 771-72; Crawford, 696 S.W.2d at 905-07; Bates, 165 Tex.
Crim. at 141-42; 305 S.W.2d at 368. The various encounters shown by the evidence in Wilson’s
case are markedly similar to the ones proved in those cases. See O’Neal, 746 S.W.2d at 770-71;
Crawford, 696 S.W.2d at 904-05; Bates, 165 Tex. Crim. at 140-41; 305 S.W.2d at 367. 
Accordingly, we conclude the exception to the general rule does not apply.
      Wilson asked the court to require the State to elect the offense upon which it intended to rely
for his conviction. The court erred by refusing his request. Id. Therefore, we must determine
whether Wilson was harmed by this error.
      Wilson suggests that this is an error of constitutional magnitude because the absence of an
election deprived him of “notice of the specific transaction relied upon by the State” to obtain his
conviction. However, the Court of Criminal Appeals has recently determined that the federal and
state constitutions do not require an indictment to give notice of “the precise date when the
charged offense occurred, or [even] a narrow window of time within which it must have
occurred.”


 Garcia v. State, 981 S.W.2d 683, 685-86 (Tex. Crim. App. 1998). From this we
conclude that a failure to require an election by the State is not an error of constitutional
dimension.
      Because no constitutional error is involved, we must determine whether Wilson’s “substantial
rights” were affected by the court’s failure to require an election. See Tex. R. App. P. 44.2(b). 
“A substantial right is affected when the error had a substantial and injurious effect or influence
in determining the jury’s verdict.” King v. State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997)
(citing Kotteakos v. United States, 328 U.S. 750, 776, 66 S. Ct. 1239, 1253, 90 L. Ed. 1557
(1946)). When we assess harm under rule 44.2(b):
we review the entire record to determine whether the error had more than a slight
influence on the verdict. If we find that it did, we must conclude that the error affected
the defendant’s rights in such a way as to require a new trial. If we have grave doubts
about its effect on the outcome, we should find that the error was such as to require a
new trial. Otherwise, we should disregard the error.

Fowler v. State, 958 S.W.2d 853, 866 (Tex. App.—Waco 1997), aff’d, 991 S.W.2d 258 (Tex.
Crim. App. 1999).
      In O’Neal, the State’s election was untimely because the State did not make it until the close
of all the evidence. O’Neal, 746 S.W.2d at 771. The Court of Criminal Appeals determined that
the trial court’s erroneous failure to require a timely election was harmless because the testimony
“focused clearly” on a particular act upon which the State intended to rely for conviction. Id. at
772. The victim in O’Neal testified generally that her stepfather “had been having sexual
intercourse with her on a regular basis since she was five years old. She then gave a detailed
account of an act of intercourse that occurred on or about April 24, 1984.” Id. at 770. In
Wilson’s case however, the testimony is not so clearly focused.
      M.W. did testify generally that Wilson had sexually abused her in various manners since she
was six. She also testified about several specific occasions when he sexually assaulted her. She
described two specific occasions when he sexually assaulted her by contact and two others when
he made her perform oral sex on him. She testified to an occasion when she was ten or eleven
during which Wilson sexually assaulted her with a hotdog and a cucumber. She described an
instance when she was nine during which Wilson sexually assaulted her by penetrating her vagina
with his penis as alleged in the indictment. She described a second instance in March 1992 when
he assaulted her in this manner after she stayed home from school because of her morning sickness
due to the yet-to-be-diagnosed pregnancy. She testified that he engaged in sexual intercourse with
her once or twice (and “sometimes more”) per week in the months leading up to when he
abandoned her and her mother. Under the indictment, the jury could have found Wilson guilty
of any of these latter offenses, beginning with the incident that occurred when M.W. was nine.
      Unlike O’Neal, in which the evidence “focused clearly” on a particular offense, the State’s
evidence in Wilson’s case points to two particular incidents for which the jury could have found
Wilson guilty and innumerable other instances which M.W. generally described for which the jury
could have found Wilson guilty. The State’s closing argument confirms that it was not relying on
a particular instance to support Wilson’s conviction. The prosecutor described each of the
instances noted above in detail. He talked about the State’s burden of proof and said, “We may
overprove our case, if the evidence exists, that there may have been more than one violation.” 
He relied on the fact of M.W.’s pregnancy, which apparently did not result from the March 1992
assault,


 as evidence that Wilson sexually assaulted M.W.
      Because of the uncertainty concerning which offense the State relied on for Wilson’s
conviction, we conclude that the court’s error in failing to require the State to elect the offense on
which it would seek a conviction “had more than a slight influence on the verdict” and thus
“affected [Wilson’s] rights in such a way as to require a new trial.” Fowler, 958 S.W.2d at 866;
see also Tex. R. App. P. 44.2(b). Accordingly, we sustain Wilson’s first point.
      Because we have found error requiring reversal with respect to the court’s failure to require
an election, we need not address Wilson’s second and third points.
      We reverse the judgment and remand this cause for further proceedings consistent with this
opinion.
 
                                                                               REX D. DAVIS
                                                                               Chief Justice


Before Chief Justice Davis
      Justice Vance and
      Chief Justice McDonald (retired) (not participating)
Reversed and remanded
Opinion delivered and filed October 6, 1999
Publish