

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-12-00438-CV

| | | |
|---|---|---|
| Xtreme Iron Holdings, LLC and Xtreme Iron, LLC | § | From the 393rd District Court |
| | § | of Denton County (2012-60121-393) |
| v. | § | December 6, 2012 |
| Caterpillar Financial Services Corporation | § | Per Curiam |

## JUDGMENT

This court has considered the record on appeal in this case and holds that the appeal should be dismissed. It is ordered that the appeal is dismissed for want of jurisdiction.

SECOND DISTRICT COURT OF APPEALS

PER CURIAM


**NO. 02-12-00438-CV**

XTREME IRON HOLDINGS, LLC                                         APPELLANTS
AND XTREME IRON, LLC

V.

CATERPILLAR FINANCIAL                                                 APPELLEE
SERVICES CORPORATION

----------

FROM THE 393RD DISTRICT COURT OF DENTON COUNTY

----------

**MEMORANDUM OPINION**[1]

----------

The trial court signed a final judgment on June 8, 2012, against Appellants Xtreme Iron Holdings, LLC and Xtreme Iron, LLC. Xtreme Iron Holdings, LLC filed a bankruptcy case on June 13, 2012; Xtreme Iron, LLC filed a bankruptcy case on July 11, 2012; and Appellants filed a motion for new trial on July 6, 2012. The automatic stay as to the bankruptcy of Xtreme Iron Holdings, LLC was lifted

---

[1]*See* Tex. R. App. P. 47.4.

on August 27, 2012, and the automatic stay as to the bankruptcy of Xtreme Iron, LLC was lifted August 28, 2012. Appellants filed their notice of appeal on October 24, 2012.

On November 1, 2012, we notified Appellants of our concern that the notice of appeal was not timely filed, and we stated that the appeal could be dismissed for want of jurisdiction unless Appellants or any party desiring to continue the appeal filed with the court a response showing grounds for continuing the appeal. Appellants filed a response claiming that the notice of appeal as to Xtreme Iron Holdings, LLC was filed twenty-nine days before the due date and that the notice of appeal as to Xtreme Iron, LLC was filed two days before the due date. Appellants arrived at their calculations by tolling the applicable appellate timetables during the period that the bankruptcy stays were in effect.[2] Appellants' calculations are incorrect.

The automatic stay imposed by section 362 of the bankruptcy code does not extend or toll any appellate deadlines by its own effect. *See, e.g.*, *Brashear v. Victory Gardens of McKinney, L.L.C.*, 302 S.W.3d 542, 546 (Tex. App.—Dallas

[2]According to Xtreme Iron Holdings, LLC, five days elapsed from the date of the judgment until the filing of its bankruptcy, and fifty-six days elapsed from the date of the order lifting the stay until the date on which the notice of appeal was filed. Considering that the motion for new trial extended the deadline to file the notice of appeal to ninety days from the date of the judgment, and if the ninety-day period was tolled during the bankruptcy stay, then five and fifty-six from ninety results in the notice of appeal being filed twenty-nine days before the due date. Using the relevant dates as to Xtreme Iron, LLC, the same methodology results in its notice of appeal being filed two days before the due date.

2009, no pet.); *C.J. Mach., Inc. v. Alamo Iron Works*, No. 04-01-00258-CV, 2001 WL 1042251, at *1 (Tex. App.—San Antonio Sept. 2001, no pet.); *Raley v. Lile*, 861 S.W.2d 102, 105 (Tex. App—Waco 1993, writ denied). Instead, section 108(c) of the bankruptcy code provides that "if applicable nonbankruptcy law . . . fixes a period for . . . continuing a civil action in a court other than a bankruptcy court on a claim against the debtor, . . . and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of" (1) the end of such period or (2) thirty days after notice of the termination or expiration of the stay. 11 U.S.C.A. § 108(c) (West 2004 & Supp. 2012). Thus, Extreme Iron Holdings, LLC's notice of appeal was due by September 26, 2012, and Extreme Iron, LLC's notice of appeal was due by September 27, 2012—each thirty days from the dates the automatic stays were lifted, which was later than the expiration of ninety days from the date of the final judgment (September 6, 2012). *See id.* Because Appellants did not file a notice of appeal until October 24, 2012, we must dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 26.1(a)(1), 43.2(f).

PER CURIAM

PANEL: MEIER, J.; LIVINGSTON, C.J.; and GABRIEL, J.

DELIVERED: December 6, 2012

4