02-12-438-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

 

NO. 02-12-00438-CV

 

 


 
 
 Xtreme
 Iron Holdings, LLC and Xtreme Iron, LLC
  
 v.
  
 Caterpillar
 Financial Services Corporation
 
 
 §
  
 §
  
 §
  
 §
 
 
 From the 393rd District
 Court
  
 of
 Denton County (2012-60121-393)
  
 December
 6, 2012
  
 Per
 Curiam
 
 


 

 

JUDGMENT

 

          This
court has considered the record on appeal in this case and holds that the
appeal should be dismissed.  It is ordered that the appeal is dismissed for
want of jurisdiction.

 

SECOND DISTRICT COURT OF APPEALS 

 

 

PER CURIAM

 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00438-CV

 

 


 
 
 Xtreme Iron Holdings, LLC and Xtreme Iron, LLC
 
 
  
 
 
 APPELLANTS
 
 
 
 
  
 V.
  
 
 
 
 
 Caterpillar Financial Services Corporation
 
 
  
 
 
 APPELLEE
 
 


 

 

----------

FROM THE 393rd
District Court OF Denton COUNTY

----------

MEMORANDUM
OPINION[1]

----------

          The
trial court signed a final judgment on June 8, 2012, against Appellants
Xtreme Iron Holdings, LLC and Xtreme Iron, LLC.  Xtreme Iron Holdings, LLC  filed
a bankruptcy case on June 13, 2012; Xtreme Iron, LLC filed a bankruptcy
case on July 11, 2012; and Appellants filed a motion for new trial on July 6,
2012.  The automatic stay as to the bankruptcy of Xtreme Iron Holdings, LLC was
lifted on August 27, 2012, and the automatic stay as to the bankruptcy of
Xtreme Iron, LLC was lifted August 28, 2012.  Appellants filed their
notice of appeal on October 24, 2012.

          On
November 1, 2012, we notified Appellants of our concern that the notice of
appeal was not timely filed, and we stated that the appeal could be dismissed
for want of jurisdiction unless Appellants or any party desiring to continue
the appeal filed with the court a response showing grounds for continuing the
appeal.  Appellants filed a response claiming that the notice of appeal as to
Xtreme Iron Holdings, LLC was filed twenty-nine days before the due date and
that the notice of appeal as to Xtreme Iron, LLC was filed two days before the
due date.  Appellants arrived at their calculations by tolling the applicable
appellate timetables during the period that the bankruptcy stays were in
effect.[2]  Appellants’ calculations
are incorrect.

          The
automatic stay imposed by section 362 of the bankruptcy code does not extend or
toll any appellate deadlines by its own effect.  See, e.g., Brashear
v. Victory Gardens of McKinney, L.L.C., 302 S.W.3d 542, 546 (Tex.
App.—Dallas 2009, no pet.); C.J. Mach., Inc. v. Alamo Iron Works, No.
04-01-00258-CV, 2001 WL 1042251, at *1 (Tex. App.—San Antonio Sept. 2001, no
pet.); Raley v. Lile, 861 S.W.2d 102, 105 (Tex. App—Waco 1993, writ
denied).  Instead, section 108(c) of the bankruptcy code provides that “if
applicable nonbankruptcy law . . . fixes a period for . . . continuing
a civil action in a court other than a bankruptcy court on a claim against the
debtor, . . . and such period has not expired before the
date of the filing of the petition, then such period does not expire until the
later of” (1) the end of such period or (2) thirty days after notice
of the termination or expiration of the stay.  11 U.S.C.A. § 108(c) (West 2004
& Supp. 2012).  Thus, Extreme Iron Holdings, LLC’s notice of appeal was due
by September 26, 2012, and Extreme Iron, LLC’s notice of appeal was due by
September 27, 2012—each thirty days from the dates the automatic stays
were lifted, which was later than the expiration of ninety days from the date
of the final judgment (September 6, 2012).  See id.  Because Appellants
did not file a notice of appeal until October 24, 2012, we must dismiss this
appeal for want of jurisdiction.  See Tex. R. App. P. 26.1(a)(1), 43.2(f).

 

 

PER CURIAM

 

PANEL: 
MEIER,
J.; LIVINGSTON, C.J.; and GABRIEL, J.

 

DELIVERED:  December 6, 2012









[1]See Tex. R. App. P. 47.4.





[2]According to Xtreme Iron
Holdings, LLC, five days elapsed from the date of the judgment until the filing
of its bankruptcy, and fifty-six days elapsed from the date of the order
lifting the stay until the date on which the notice of appeal was filed. 
Considering that the motion for new trial extended the deadline to file the
notice of appeal to ninety days from the date of the judgment, and if the
ninety-day period was tolled during the bankruptcy stay, then five and
fifty-six from ninety results in the notice of appeal being filed twenty-nine
days before the due date.  Using the relevant dates as to Xtreme Iron, LLC, the
same methodology results in its notice of appeal being filed two days before
the due date.