# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-95-00405-CV

**Larry W. Kimes, Appellant**

**v.**

**Lawyer's Title Insurance Corporation, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY
### NO. 220,600, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Larry W. Kimes attempted an appeal from the district court's judgment signed on March 20, 1995.[1] Kimes's appeal was abated because of his bankruptcy filing. *See* 11 U.S.C. § 362(a). Lawyer's Title Insurance Corporation moved to dismiss Kimes's appeal as untimely, contending that Kimes's attempted appeal was ineffective because it was filed during the automatic bankruptcy stay and that Kimes failed to timely perfect his appeal after the bankruptcy court modified the stay. *See* former Tex. R. App. P. 60(a) (current Rule 42.3(a)). We will reinstate the appeal, grant the motion, and dismiss the appeal for want of jurisdiction.

Kimes filed a timely motion for new trial in the underlying cause that extended his time for perfecting an appeal to June 19, 1995. *See* Tex. R. Civ. P. 4, 329b(a); former Tex. R. App.

---

[1] We considered this appeal as part of an ongoing review of cases that were abated for bankruptcy but did not reflect a final disposition or current status report from the parties.

P. 41(a) (current Rule 26.1(a)). On May 30, 1995, before his appellate deadline expired, Kimes filed for bankruptcy. On June 19, 1995, during the automatic bankruptcy stay, Kimes attempted to perfect an appeal from the district court's judgment. On June 26, 1995, the bankruptcy court modified the bankruptcy stay to allow Kimes to pursue his appeal. On August 14, 1995, Kimes made a second attempt to perfect this appeal and sought an extension of time, contending that he received no notice of the bankruptcy court's hearing to modify the stay and no notice of its order modifying the stay.[2]

Kimes's May 30 bankruptcy filing automatically stayed any further trial court proceedings against him. *See* 11 U.S.C. § 362(a); *Davis v. Baker*, 29 S.W.3d 921, 923 (Tex. App.—Austin 2000, no pet.) ("Section 362 freezes in place all judicial proceedings against a debtor." (citing *Casperone v. Landmark Oil & Gas Corp.*, 819 F.2d 112, 114 (5th Cir. 1987))). The stay also prevented Kimes from perfecting his appeal, which is considered a continuation of the action against him. *See Davis*, 29 S.W.3d at 923 ("A debtor's own appeal is a continuation of a judicial proceeding and is automatically stayed if it arises from an action initiated against the debtor."); *Raley v. Lile*, 861 S.W.2d 102, 104 (Tex. App.—Waco 1993, writ denied) (noting that bankruptcy stay prevented appellant from perfecting his appeal). However, in some circumstances, section 108(c) of the Bankruptcy Code allows a thirty-day extension for perfecting an appeal if the appellate deadline expires during the period of a bankruptcy stay. *See* 11 U.S.C. § 108(c); *Brewer v. Texans Credit Union*, No. 05-16-00374-CV, 2016 Tex. App. LEXIS 8212, at *5-6 (Tex. App.—Dallas July 29, 2016, no pet.) (mem. op.); *Raley*, 861 S.W.2d at 105. Section 108(c) states, in relevant part:

---

[2] Kimes's bankruptcy case was closed on December 20, 1996.

2

[I]f applicable nonbankruptcy law . . . fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor . . . and such period has not expired before the date of the filing of the [bankruptcy] petition, then such period does not expire until the later of--

> (1)     the end of such period, including any suspension of such period occurring on or after the commencement of the case; or

> (2)     30 days after notice of the termination or expiration of the stay under section 362, 922, 1201, or 1301 of this title . . . as the case may be, with respect to such claim.

*Id.*

Here, Kimes's June 19, 1995 attempted appeal was ineffective because it was filed during the bankruptcy stay.  Lawyer's Title filed a motion to lift the stay and notified Kimes of the hearing set for June 26, 1995.[3]  Several days before the hearing, Kimes informed counsel for Lawyer's Title that he did not oppose the motion and signed the parties' proposed agreed order.  On the scheduled hearing date of June 26, 1995, the bankruptcy court signed the order modifying the stay and allowing Kimes to pursue his appeal.  Under section 108(c) of the Bankruptcy Code, Kimes

---

[3]  In his initial response to the motion to dismiss this appeal, Kimes filed an affidavit stating that he had no notice of the hearing date on Lawyer's Title's motion to lift stay or the order from the bankruptcy court modifying the stay.  However, Lawyer's Title filed a reply showing that its courier served Kimes with notice of the hearing by hand delivery and that Kimes agreed to the stay in a telephone call with counsel for Lawyer's Title.  Kimes's signature, dated June 22,1995, appears on the parties' proposed agreed order modifying the stay, which Kimes returned the next day by fax to counsel for Lawyer's Title.

Kimes subsequently filed a "supplemental" affidavit stating that the signature on the proposed order appeared to be genuine, that he did not recall receiving the notice of the hearing or signing the agreed order, and that he attributed his "lack of memory" to his "suffer[ing] from adult attention deficit disorder, among other things."  However, the certified copy of the bankruptcy court's order reflects that it was sent to Kimes's business address.

had thirty days from the date that the stay was modified (with his agreement) to perfect his appeal. He did not do so. Kimes's attempt to perfect his appeal on August 14, 1995 was untimely, and the fifteen-day time to seek an extension for filing the notice of appeal had expired. *See* former Tex. R. App. P. 41(a)(1), (2) (current Rule 26.1, 26.3). Once the time for filing a notice of appeal and seeking an extension of time to file the notice of appeal have expired, a party cannot invoke an appellate court's jurisdiction. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).

Because Kimes did not perfect his appeal timely, he did not invoke our jurisdiction. We reinstate the appeal, grant Lawyer's Title's motion, and dismiss the appeal for want of jurisdiction.[4]

Before Chief Justice Rose, Justices Goodwin and Bourland

Dismissed for Want of Jurisdiction

Filed: December 14, 2016

---

[4] All other pending motions in this cause are dismissed as moot.