**Motion Denied and Order filed December 31, 2020**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-19-00905-CV

_____

## DIAMOND OFFSHORE DRILLING, INC. AND DIAMOND RIG INVESTMENTS LTD, Appellants

### V.

### WILLIAM BLACK, Appellee

**On Appeal from the 281st District Court**
**Harris County, Texas**
**Trial Court Cause No. 2015-74728**

## ORDER

We abated this appeal because appellants filed a petition for bankruptcy. The parties have now filed a joint motion to reinstate the appeal and set a briefing schedule. Attached to the motion is an order ("the Order") from the bankruptcy court that is represented as an order allowing this appeal to proceed.

Interpreting the scope and effect of a bankruptcy court's order modifying the automatic stay in a pending bankruptcy case raises primarily issues of federal law,

not state law. *Davis v. Baker*, 29 S.W.3d 921, 924 (Tex. App.—Austin 2000, order), *disp. on merits*, No. 03-99-00849-CV, 2001 WL 1379872 (Tex. App.—Austin Nov. 8, 2001, no pet.) (not designated for publication). An order lifting the automatic stay must be construed strictly. *Casperone v. Landmark Oil & Gas Corp.*, 819 F.2d 112, 114 (5th Cir. 1987) ("Because a section 362 stay freezes in place all proceedings against the debtor, and because only an order of the bankruptcy court can authorize any further progress in the stayed proceedings, it follows that the continuation of any proceeding can derive legitimacy only from the bankruptcy court order. The terms of an order modifying the automatic stay must therefore be strictly construed.").

The Order concerns multiple lawsuits, not just the one underlying this appeal. The lawsuit underlying this appeal is referred to in the Order as the "Black State Court Litigation" and is defined as the claims pending in "the 281st Judicial District Court of Harris County, Texas, captioned *William Black v. Diamond Offshore Drilling, Inc., et al.*, Case No. 2015-74728." The Order states in relevant part:

> The Automatic Stay shall be lifted with respect to the Black State Court Litigation.
>
> . . .
>
> Except as expressly modified herein, the Automatic Stay shall remain in place for all other purposes.

Nowhere does the Order mention this appeal by name or case number, nor does the order suggest that the Black State Court Litigation should be construed to include any appeals that arise from that litigation. It is not reasonable to construe the Order as lifting the automatic stay with respect to this appeal.

Therefore, the motion is denied without prejudice to refiling.

PER CURIAM

Panel consists of Justices Zimmerer, Spain, and Poissant.

2