**Affirmed as Modified and Opinion and Concurring Opinion filed April 27, 2021.**



In the

# Fourteenth Court of Appeals

### NO. 14-19-00337-CV

## CITIBANK N.A. AS TRUSTEE FOR NRZ PASS-THROUGH TRUST VI AND NEWREZ LLC F/K/A NEW PENN FINANCIAL LLP D/B/A SHELLPOINT MORTGAGE SERVICING, Appellants

v.

## PECHUA, INC., Appellee

**On Appeal from the 215th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2016-83417**

### CONCURRING OPINION

I join the court's opinion and concur only to suggest the Supreme Court of Texas promulgate a Texas Rule of Civil Procedure like Texas Rule of Appellate Procedure 8.

Rule 8 was promulgated to resolve the issues with notices of appeals that were filed during the pendency of the title 18, United States Code, section 362 automatic stay in bankruptcy and the supreme court's caselaw that an action taken

in violation of the automatic stay is void, not merely voidable. 18 U.S.C. § 362; *see Continental Casing Corp. v. Samedan Oil Corp.*, 751 S.W.2d 499, 501 (Tex. 1988) (action taken in violation of automatic stay is void, not merely voidable ); *Chunn v. Chunn*, 929 S.W.2d 490, 493 (Tex. App.—Houston [1st Dist.] 1996, order), *disp. on merits*, No. 01-95-00202-CV, 1999 WL 626733 (Tex. App.—Houston [1st Dist.] Aug. 19, 1999, pet. denied) (judicial actions taken against debtor in violation of automatic stay are void, not voidable); *Raley v. Lile,* 861 S.W.2d 102, 104–05 (Tex. App.—Waco 1993, writ denied) (automatic bankruptcy stay does not toll appellate timetable); *Nautical Landings Marina, Inc. v. First Nat'l Bank,* 791 S.W.2d 293, 296 (Tex. App.—Corpus Christi 1990, writ denied) (appeal bond filed during pendency of stay was void). Because caselaw had concluded there was no state law that tolled the filing of the notice of appeal and that title 18, United States Code, section 108(c)(2) provided the only extension of time, the supreme court promulgated Texas Rule of Appellate Procedure 8 to provide an explicit suspension of state-court appellate proceedings over and above the automatic stay in bankruptcy until "the appellate court reinstates or severs the appeal in accordance with federal law." Tex. R. App. P. 8.2; *see* 18 U.S.C. § 108(c)(2).

While I join the court in holding there is common-law tolling in this trial-court proceeding, there is an underlying problem that a debtor in bankruptcy is not likely to pay state trial-court counsel to monitor the bankruptcy proceeding and take timely action once the automatic stay in bankruptcy no longer applies. This is a trap, and one that could be addressed in trial-court proceedings as it was in appellate proceedings with Rule 8.

/s/     Charles A. Spain
         Justice

Panel consists of Justices Wise, Bourliot, and Spain. (Bourliot, J., majority.)

2