COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-03-097-CV
 
IN RE           
           
           
           
           
           
        RELATOR
MICHAEL SHANE WOLFE
D/B/A EURO-SPEC SALES
 
------------
ORIGINAL PROCEEDING
------------
MEMORANDUM OPINION(1)
------------
On April 8, 2003, Michael Shane
Wolfe d/b/a Euro-Spec Sales filed a petition for writ of mandamus and a motion
for immediate relief. We strike the motion for immediate relief and deny the
petition for writ of mandamus.
Texas Rule of Appellate Procedure
52.10(a) requires a relator who seeks temporary relief to notify all parties by
expedited means that a motion for temporary relief has been or will be filed and
to certify to the court that it has complied with the rule. Tex. R. App. P.
52.10(a). In the certificate of service to relator's motion, relator's attorney
certifies that he has served real party in interest's attorneys with a copy of
the motion for immediate relief "in the manner indicated below."
Indicated below are the address, telephone number, and fax number of real party
in interest's attorneys, but no indication of how the motion was served. Relator
filed an amended certificate of service in which relator's attorney certified
that he had served respondent, the trial court judge, with a copy of the motion
by hand delivery and that he had served real party in interest's attorneys via
certified mail. These two certificates of service do not meet the requirements
of a certificate of compliance certifying that all parties were notified by
expedited means that the motion for immediate relief had been filed. Therefore,
we strike the motion for immediate relief because it does not comply with the
requirements of Texas Rule of Appellate Procedure 52.10(a). See In re Ahmed,
42 Tex. Sup. Ct. J. 487, No. 99-0315 (April 8, 1999, order) (striking motion for
temporary relief because it did not contain certificate of compliance as
required by Tex. R. App. P. 52.10(a)).
In his petition, relator contends
that a temporary restraining order, temporary injunction, and order on motion
for contempt are void because they were entered while an automatic stay was in
effect. See Tex. Ins. Code Ann. § 21.28-C, § 17 (Vernon Supp. 2003)
(mandating a six-month automatic stay of proceedings in which an impaired
insurer is a party or is obligated to defend a party). The relator has the
burden of providing the appellate court with a sufficient record to establish a
right to mandamus relief. Walker v. Packer, 827 S.W.2d 833, 840 (Tex.
1992) (orig. proceeding); see Tex. R. App. P. 52.7. There is no
evidence in the mandamus record demonstrating that the insurance code automatic
stay provision applies in this case.
In Willard v. Davis, we
held that the trial court had no discretion but to stay proceedings in which an
insolvent insurer is a party or is obligated to defend a party if the movant
has established by competent evidence his entitlement to the stay. 881
S.W.2d 907, 911 (Tex. App.--Fort Worth 1994, orig. proceeding). In that case,
the mandamus record included testimonial evidence that the insurer had
represented the movant up until the time it was declared insolvent, a copy of
the insurance contract, and certified copies of the orders of liquidation and
impairment. Id. at 909. In this case, the only evidence concerning the
applicability of the stay is a Notice of Automatic Stay of Proceedings filed by
The Texas Property and Casualty Insurance Guaranty Association (TPCIGA) after
the trial court had signed the temporary restraining order and temporary
injunction and after the hearing on the order to show cause and for contempt. In
the Notice, TPCIGA's attorney stated that relator was insured by a policy of
insurance issued by Legion Insurance Company and that Legion Insurance Company
had been designated as an impaired insurer on October 25, 2002. There is no
statement in the notice or any evidence elsewhere in the mandamus record showing
that Legion Insurance Company is obligated to defend relator in the underlying
lawsuit. See Tex. Ins. Code Ann. § 21.28-C, § 17. Thus, because the
mandamus record does not establish that relator is entitled to the protection of
the automatic stay, we deny the petition for writ of mandamus.
 
                                                                       
ANNE GARDNER
                                                               
       
JUSTICE
 
PANEL B: DAUPHINOT, GARDNER, and
WALKER, JJ.
 
DELIVERED: April 30, 2003

1. See Tex. R. App. P. 47.4.